# Staunton.

## MARY ELY ALLEN, ET AL. v. W. S. PARKEY, TRUSTEE.

September 19, 1929.

Absent, West, J.

REHEARD SEPTEMBER 18, 1930.

Absent, Prentis, C. J., and Holt, J.

The opinion states the case.

*S. H. and Geo. C. Sutherland,* for the appellants.

*W. L. Davidson, B. H. Sewell, Pennington & Cridlin* and *L. M. Robinette,* for the appellee.

HOLT, J., delivered the opinion of the court.

On March 29, 1926, W. P. Allen, who was heavily indebted, executed a deed of assignment to Parkey, trustee, in which he conveyed all of his property, real and personal, in trust for the benefit of such of his creditors as were willing to accede to the terms of this deed. The property conveyed consisted of personalty worth about $4,000.00 and an undivided interest in large

real estate holdings which he held in common with his wife, Mary Ely Allen, together with his interest in a certain fifty acre tract of land conveyed to him and his wife by deed of date of October 28, 1902.

Thereafter this trustee brought this suit that he might have the advice of the court in the administration of his trust; that his grantor's interest in land conveyed might be partitioned, and particularly that his interest in the fifty acre tract which he took under the deed from Anna Ely might be determined. This is the deed on which the major controversy in this cause turned:

"This deed, made this the 28th of October, 1902, between Anna Ely of the one part and W. P. Allen and Mary Ely Allen of the other part, and all parties of Lee county, Virginia: Witnesseth, that for and in consideration of thirteen hundred and fifty dollars paid and secured to be paid, the said Anna Ely doth give, grant, bargain, sell and convey with covenants of general warranty unto the said W. P. Allen and Mary Ely Allen all her right, title and claim and interest in and to all that certain tract or parcel of land situated and being in Lee county Virginia, and in the vicinity of Walnut Hill, supposed to contain fifty acres more or less and bounded as follows: Bounded on the east by the lands of Margaret Ely, on the south by Indian Creek, and on the west by the lands of J. M. Wheeler, and on the north by the main county road. To have and to hold the said tract or parcel of land together with all the appurtenances thereunto belonging unto the said W. P. Allen and Mary Ely Allen, their heirs and assigns, forever. And the said Anna Ely covenants that she has done no act to encumber said tract of land and that she has the right to convey the same. Now should the said W. P. Allen survive his wife, Mary Ely Allen,

the said tract of land to be his property to dispose of as he sees proper and the same applies to the said Mary Ely Allen, his wife.

"Witness the following signature and seal the day and year above written.

"ANNA ELY (Seal)

"VIRGINIA,

"LEE COUNTY, to-wit:

"Now it is further agreed by all parties concerned in this deed that should the said W. P. Allen survive his wife Mary Ely Allen and take unto himself a second wife that at the time of such marriage this tract or parcel of land is to then become the property of their daughter Maurine Allen, or should there be other heirs to be equally divided among them and should the said Mary Ely Allen survive her husband W. P. Allen then the same shall apply to her as above written. It is further agreed that the amount of purchase money for said land to be paid to their heirs when they become of age unless paid before.

"VIRGINIA,

"LEE COUNTY, to-wit:

"I, B. C. Campbell, a justice of the peace in and for the county and State aforesaid, do certify that Anna Ely whose name is signed to the above deed bearing date of the 28th day of October, 1902, has acknowledge the same before me in my county aforesaid. Given under my hand this 8th day of November, 1902.

"B. C. CAMPBELL, J. P."

This deed was admitted to record on April 18, 1904.

For the trustee it was contended that under it title to an undivided one-half interest vested in W. P. Allen and a like interest in Mary Ely Allen; that they hold as tenants in common. Of course if this were true partition might be had.

For Mary Ely Allen and Maurine Allen it is claimed that Mary Ely Allen and W. P. Allen hold as tenants by entirety and that no partition can be ordered. It is likewise claimed that Maurine Allen takes a remainder in fee in the event that the surviving consort marries again. The trial court by decree of date March 20, 1928, found as follows. It did "Adjudge order and decree that the said W. P. Allen and Mary Ely Allen are vested with a joint fee simple estate in and to the lands conveyed to them by the said deed, which title interest and rights the said W. P. Allen passed to the said W. S. Parkey, trustee, under the deed of assignment from W. P. Allen to W. S. Parkey, trustee, dated as aforesaid, with and subject to the right of survivorship as it existed at common law, and that the provision therein with reference to Maurine Allen is void, and that she takes nothing by reason of said deed." The conveyance is after marriage to a man and wife jointly. The seisin is *per tout et non per mie*, and there is survivorship upon the death either of husband or wife and neither can dispose of any part of the estate without the consent of the other. *Hunt* v. *Blackburn*, 128 U. S. 464, 9 S. Ct. 125, 32 L. Ed. 488; Graves Notes on Real Property, section 161. Since there is no separate interest in either tenant, there can be no partition. Tiffany on Real Property, section 194.

Professor Graves in his discussion of survivorship makes this interesting and accurate statement: "We have seen that at common law survivorship is an incident common to joint tenancy and tenancy by entireties. But while this is so the two estates are by no means identical, and it is held that a statute abolishing survivorship between joint tenants does not apply to tenants by entireties who are not joint tenants, though occupying a somewhat similar relation. We have seen

that in Virginia, as between joint tenants, survivorship was abolished as early as July 1, 1787; but this act was held to have no application to tenants by entireties. See *Thornton* v. *Thornton*, 3 Rand. (24 Va.) 179; *Norman* v. *Cunningham*, 5 Gratt (46 Va.) 63. And survivorship between tenants by entireties continued in Virginia, as at common law, until July 1, 1850, when it was partially abolished. See Code (1849) chapter 116, section 18, enacting as follows: 'And if hereafter an estate of inheritance be conveyed or devised to a husband and his wife, one moiety of such estate shall, on the death of either, descend to his or her heirs, subject to debts, curtesy or dower, as the case may be.' It will be seen that the above statute is confined to estates of inheritance by lands. But by Code (1887), taking effect May 1, 1888, tenancy by entireties is itself abolished, except where the deed or will manifests an intent that it shall continue. 2 Min. Ins. (4th ed.) 471. For section 2430 (now section 5159) enacts: 'And if hereafter any estate, real or personal, be conveyed or devised to a husband and his wife, they shall take and hold the same by moieties, in like manner as if a distinct moiety had been given to each by a separate conveyance.' But section 2431 (now section 5160) declares that this shall not apply 'when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others.' " Graves Notes, section 153.

The effect of section 5159, when an estate is conveyed to a husband and wife, is to convert a tenancy by entirety into a tenancy in common, and of course to destroy survivorship. Minor on Real Property, section 911. But this is to be taken in connection with the exception specifically provided for in section 5160 where it is said: "The preceding section shall not apply

to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right, when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others."

■ Section 5279 of the Code of 1919 provides that "tenants in common, joint tenants, and co-parceners shall be compellable to make partition." It will be observed that partition is not compellable by statute between tenants by entirety, but that end is reached through section 5159 which makes tenants by entirety tenants in common, in turn modified by section 5160, where it is declared that this conversion shall not take place when it is manifestly not intended. *Drake* v. *Blythe*, 108 Va. 38, 60 S. E. 632.

We think such intention is manifest by the deed in judgment. The interest of Mr. Allen and of his wife cannot be partitioned. The right of survivorship exists and this interest is at this time beyond the reach of his creditors. In this respect there is error in the decree appealed from. This fifty acre tract cannot be partitioned.

■ What does Maurine Allen take under the unsigned memorandum attached to the deed of October 28, 1902? The trial court held, and we think correctly, that she took nothing.

This deed is complete upon its face and was duly signed.

In *Moody* v. *Mossey*, 223 Pa. 321, 72 A. 555, the following deed came under construction:

"This indenture made the twenty-second day of September in the year of our Lord one thousand seven hundred and ninety-eight, between Charles Quinn and Elizabeth, his wife, of Robenson township, in the

county of Washington, and State of Pennsylvania, of the one part, and John Stewart, of Moon township, in the county of Allegheny, and State aforesaid, of the other part, witnesseth, etc.

"In testimony whereof, the said Charles Quinn and Elizabeth, his wife, have hereunto set their hands and affixed their seals the day and year first above written (1798).

his<br>
"CHARLES X. QUIN (Seal)<br>
mark<br>
her<br>
"ELIZABETH X. QUIN (Seal)"<br>
mark

After the signatures and before the acknowledgment is the following memorandum: "N. B. The above described piece of ground is not to be sold by John Stewart, but to descend from to his heirs by his wife, Margaret Quin, now Stewart; it being given to said Stewart as a portion with his wife Margaret."

It would be difficult to find a case more in point.

The Pennsylvania court held that this memorandum attached to the deed was no part of it.

■ As we have seen, Mrs. Allen and her husband owned in common much valuable real estate. Prior to 1924, she rented to her husband her one-half interest in all their lands. He agreed to pay her as rent $500.00 a year and such taxes as might be assessed against her interest therein. Under this contract Mr. Allen took possession and held it for the years 1924, 1925, and until March 29, 1926, the date of his assignment to Parkey, trustee. He never paid his wife any rent and never paid any taxes. The trial court sustained Mrs. Allen's claim but sustained it as an open account only and gave her no preference.

No special rights grow out of the fact that Mr. Allen agreed to pay taxes. He did not pay them and the situation, so far as this case is concerned, is just as it would have been had he failed to pay any other obligation due by his wife which he had promised to pay as part of the rent. The situation is this: Rent was due and unpaid at the date of his assignment. The trustee took land and personal estate valued at about $4,000.00. While the record is silent the case was argued upon the theory that this $4,000.00 worth of personal property or a large part of it was held by the tenant on his rented land at the time of the assignment. No distress warrant had issued and the trustee, who is a purchaser, probably knew nothing of these claims for unpaid rent. This personalty he has possibly in part already disposed of. Be that as it may he took subject to the provisions of section 5524 of the Code, of 1924, and is liable for six months' rent as a preferred charge. This he must pay. The balance of this claim is due as on open account only and must share ratably in distribution just as other open accounts do.

Finally, it is said that this appeal should be dismissed, that it came too late. The decree charged to be erroneous was entered on March 20, 1928. The petition for appeal was received on November 20, 1928, from which it follows that more than six months had elapsed between these dates and the appeal came too late if the decree of March 20, 1928, was final. Code 1924, section 6337. That decree did adjudicate the principles governing the interests of Mr. and Mrs. Allen and of Maurine Allen in the fifty acre tract conveyed by the deed of October 28, 1902, but it left many vital questions unsettled. Objection to the character of the partition of all the other lands owned by Mrs. Allen had been made and was sustained and a new

partition ordered, afterwards confirmed by decree of June 2, 1928, under which the fifty acre tract was likewise partitioned.

A decree is final only when the entire subject matter is disposed of and nothing left save such ministerial acts as may be necessary to its complete enforcement. *Richardson* v. *Gardner*, 128 Va. 676, 105 S. E. 225.

The decree of March 2, 1928, was interlocutory and its nature is not changed by the fact that an appeal might have been taken from it.

"Final decrees are appealable and interlocutory decrees sometimes are, but in the latter case the party agrieved is not bound to appeal within six months, but where the requisites therefor exist may do so within six months after a final decree has been entered in the cause." *Colvin* v. *Butler*, 150 Va. 672, 143 S. E. 333, 334; *Southern Ry. Co.* v. *Glenn*, 98 Va. 309; 36 S. E. 395; *Hess* v. *Hess*, 108 Va. 483; 62 S. E. 273; Barton's Chancery Practice (3rd ed.), page 949.

The motion to dismiss is without merit.

The decree appealed from is reversed in the particulars noted in this opinion and in all other respects is affirmed. The cause is remanded to the trial court to be dealt with accordingly.

*Affirmed in part*; *reversed in part.*

ON REHEARING

𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

September 18, 1930.

Absent Prentis, C. J., and Holt, J.

Browning, J., delivered the opinion of the court.

This case was heard heretofore and decided by this court on the 19th day of September, 1929, thereafter a

petition for a rehearing was allowed, the same having been filed by Mary Ely Allen and Maurine Allen, appellants. This court heard the said petition and appellee's reply thereto argued at its term at Wytheville in June last.

This court, being of the opinion that its former decision was clearly right and in accordance with the law applicable to the case, doth affirm said former decision in all respects.

*Affirmed in part; reversed in part.*