Helen Parker Maragon v. Commissioner.
Maragon v. Commissioner
Docket No. 38538.
United States Tax Court
1953 Tax Ct. Memo LEXIS 121; 12 T.C.M. (CCH) 992; T.C.M. (RIA) 53292; August 31, 1953
Ellsworth T. Simpson, Esq., 1000 Vermont Avenue, Northwest, Washington, D.C., for the petitioner. Paul E. Waring, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined that the petitioner is liable as a transferee for deficiencies and 50 per cent additions for fraud determined against her husband, John F. Maragon, for the years 1944, 1945, 1946, 1947 and 1948 in the total amount of $25,243.59, with interest, as provided by law. The sole question for decision is whether the Commissioner has proven the transferee liability of the petitioner. Findings of Fact The petitioner, Helen Parker Maragon, and her husband, John F. Maragon, resided at all times material hereto in McLean, Virginia. John filed his separate income tax returns for the taxable years with the *122 collector of internal revenue for the District of Virginia. The deficiencies in the total amount of $16,875.73 for the years 1944 through 1948 and 50 per cent additions thereto for fraud in the total amount of $8,367.86 for the years 1944 through 1947 were correctly determined against the taxpayer John F. Maragon and have not been paid. The petitioner was employed at all times material hereto. The home of the petitioner, her husband and their son was on Marion Avenue, McLean, Virginia, from November 2, 1942 until they moved to a new home as set forth below. Title to the Marion Avenue property was in the name of the petitioner and she paid a part of the purchase price of that property but John paid the larger portion of that purchase price. John purchased lots 56 and 57 of Section B, Walter Heights subdivision, McLean, Virginia, for $4,000 on September 29, 1948, and he acquired a small adjoining piece of land for $500 on May 5, 1949. He took title to the above property in his own name. John entered into a contract for the construction of a house on those lands, the total cost of which was $25,513.42. His original intention was to build the house for some friends who were to *123 buy the improved property from him but, when they were unable to finance the proposed purchase, John and the petitioner decided that they would occupy it as their home and sell the Marion Avenue property. John and the petitioner, as parties of the first part, executed a deed dated August 8, 1949 conveying the Walter Heights property to themselves as joint tenants and on that same date sold and transferred the Marion Avenue property to third parties for $16,500. Proceeds from the sale of the Marion Avenue property were used to pay in part for the Walter Heights property. All facts stipulated by the parties are incorporated herein by this reference. The Commissioner has failed to show that the petitioner is liable as a transferee of the assets of her husband, John F. Maragon, for any deficiencies or additions to the tax due from John F. Maragon. Opinion MURDOCK, Judge: The Commissioner contends that the petitioner became liable as a transferee as a result of the transfer of the Walter Heights property on August 8, 1949. That was after the tax and fraud liabilities had arisen against John. The Commissioner argues that there was no consideration for that transfer moving from the *124 petitioner to her husband and the transfer rendered John insolvent. The Commissioner introduced in evidence without objection a schedule prepared by a Revenue Agent purporting to show the assets of John on August 7, 1949, before the transfer in question, and on August 8, 1949, after that transfer. The assets and liabilities under each date in the schedule are identical except that the Walter Heights property is shown in the August 7 column as an asset having a value of $25,000 and is omitted as an asset in the August 8 column. The schedule shows a surplus of assets over liabilities of $15,192.78 on August 7 and an excess of liabilities over assets in the amount of $9,809.82 as of August 8. This schedule, with the other evidence, does not sustain the burden of proof imposed upon the Commissioner by statute to establish the transferee liability. Title to the Marion Avenue property was in the name of the petitioner and she had contributed from her separate funds towards the purchase of that property. It has not been shown that she was not the sole owner of that property. Proceeds of the sale of that property went into the Walter Heights property. Thus, the petitioner may have owned *125 the family home when it was located at Marion Avenue and had a financial interest in it when it was located at Walter Heights. She surrendered her interest in the Marion Avenue property in acquiring her interest in the Walter Heights home, and it does not appear that what she acquired was more valuable than what she surrendered. The transfer of the title to the Walter Heights property from the separate name of John into the joint names of John and the petitioner, his wife, did not deprive John of an interest in the property and did not give to the petitioner any more than a joint interest with survivorship in the property. If she should die, the property would still belong to John. Meanwhile, she alone could not dispose of the property or even of her interest in the property. Virginia Code, sec. 55-21; Allen v. Parkey, 154 Va. 739, 149 S.E. 615. This record, as a whole, does not justify a finding that the petitioner was liable as a transferee for any of the tax liability determined against the taxpayer. The Commissioner makes an alternative contention that the transfer of the Walter Heights property to the joint names of the petitioner and her husband rendered John insolvent, *126 was a fraud upon his creditors and, therefore, was voidable under the laws of Virginia. The evidence does not support this argument and we need not consider what effect it would have in this proceeding. Decision will be entered for the petitioner.