## CIRCUIT COURT OF HENRICO COUNTY

Department of Mental Health

    v.

Marvin Ivey etc.

February 12, 1981

Case No. 79C1218

By JUDGE E. BALLARD BAKER

The Department of Mental Health is seeking to compel partition of certain real estate, contending that Marvin Ivey, a patient confined in the state hospital system since August 11, 1977, has an interest in the real estate which can be subjected to the costs of treatment and care which were alleged to be $17,537 when the petition was filed.

A demurrer has been filed, raising the issue of whether the real estate can be partitioned.

By deed of February 3, 1971, Marvin Ivey and Eunice P. Ivey, his wife, conveyed real estate in Henrico County to "Marvin Ivey and Eunice P. Ivey, his wife, and Thomas Edward Leftwich. . ."

> . . . as joint tenants with the right of survivorship as at common law, . . .

While it does not appear from the pleadings, the Court is under the belief that Eunice P. Ivey has deceased.

For purposes of this letter, the Petition will be considered as if it were a Bill for Partition, though in fact it goes beyond that and also seeks to obtain a judgment and then compel Partition.

Section 8.01-81 says

> Tenants in common, joint tenants and coparceners of real property. . . shall be compellable to make partition; and a lien creditor or any owner of undivided estate in real estate may also compel partition for the purpose of subjecting the estate of his debtor . . . to the satisfaction of his lien. . .

The Department of Mental Health is treated here as a lien creditor, though that status has not yet been attained. V.C. 37.1-110.

A lien creditor has a right to proceed against property owned by his debtor. This Court is not aware of any provision of law which would give a lien creditor any greater interest in property or a right to do any more with it than his debtor. That fact, however, does not resolve the issue.

The Department contends that Ivey and Hicks are joint tenants and 8.01-81 says joint tenants are ". . . compellable to make Partition. . ."

Leftwich admits that he and Ivey are joint tenants, but say the element of survivorship prevents partition.

The deed under which Ivey and Leftwich hold describes the conveyance to them as being with the right of survivorship, and originally included Eunice Ivey as joint tenant.

While survivorship between joint tenants is abolished under 55-20, 55-21 allows a conveyance to parties

. . . when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others.

The deed of February 3, 1971, contains the magic words. Survivorship is created between Marvin Ivey, Eunice Ivey and Thomas. Leftwich. When Eunice died, the survivorship became between Marvin and Leftwich.

Suppose Leftwich had died first. The property would be held by Marvin and Eunice as joint tenants with survivorship. Could partition be compelled? We recognize that partition can not be compelled when husband and wife hold land as tenants by entireties carrying survivorship with it. It can be argued that this is because 8.01-81 does not name tenants by the entireties as persons who can partition, and this is a good argument and true.

However, it can also be urged that the reason tenants by entireties can not partition is because of the survivorship interest.

In my view Allen v. Parkey, 154 Va. 739, points the way to the answer. This involved a conveyance to Mary Allen and Maurine Allen, who were married at the time, the deed expressly providing for survivorship. The deed did not use the words "tenants by entireties". A trustee for creditors of Maurine Allen contended the deed conveyed an undivided one-half interest to each, and sought partition. On this issue, the Supreme Court held the land could not be partitioned.

> Section 5279 of the Code of 1919 provides that "tenants in common, joint tenants, and co-parceners shall be compellable to make partition". It will be observed that partition is not compellable by statute between tenants by the entirety, but that end is reached through section 5159 which makes tenants by entirety tenants in common, in turn modified by section 5160, where it is

declared that this conversion shall not take place when it is manifestly not intended. . .

We think such intention is manifest by the deed in judgment. The interest of Mr. Allen and of his wife cannot be partitioned. <u>The right of survivorship exists and this interest is at this time beyond the reach of his creditors</u>. . . (154 Va. 746, Underlining added.)

And earlier, at p.744, the opinion states

. . . Since there is no separate interest in either tenant, there can be no partition.

It seems to me that the existence of the survivorship interest prevents partition. Neither Ivey nor Leftwich has a separate interest under the deed of February 3, 1971. This fact is more persuasive to me than the fact that the term "joint tenants" found in 8.01-81 is one which covers Ivey and Leftwich. The joint tenancy between Ivey and Leftwich includes an incident not found in most joint tenancies; the incident of survivorship. The creation of such an incident to a joint tenancy is permissible; I do not believe 8.01-81 is sufficient to allow it to be destroyed by a lien creditor.