SUSAN M. SHOEMAKER HOOVER, ET AL.

V.

DAVID MARTIN SMITH, ET AL.

Record No. 930853

June 10, 1994

Present: All the Justices

*C. Waverly Parker*, for appellants.

*Richard A. Baugh* for appellee Shelby J. Moubray, a/k/a Shelby J. Owberry.

*(Benjamin H. Carr, Jr.*, for appellees David Martin Smith and Vivian Secrist Smith.)

No brief or argument on behalf of appellees Alvin Leon Shoemaker, et al.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

The question for decision in this case is whether a deed conveying land to grantees "as joint tenants, and not as tenants in common" creates an estate with survivorship. The trial court answered the question in the affirmative. Finding that the trial court erred, we will reverse.

The question arose from a deed dated November 1, 1928, conveying to Add Shoemaker and Bessie Shoemaker, his wife, one acre of land on Gap Road, near Peak Mountain, in Rockingham County. The deed contained this provision:

> It is hereby mutually understood and agreed, that the grantees herein named are to have and to hold the said land and tenements as joint tenants, and not as tenants in common.

Add Shoemaker died intestate in 1951, survived by his wife, Bessie, and several children. Bessie passed away in 1984. During her lifetime, but subsequent to Add's death, she conveyed to Wilmer A. Shoemaker, one of her sons, what purported to be the entire interest in a 0.542-acre portion of the land she and Add Shoemaker had acquired by the 1928 deed.

Wilmer died testate some time before 1988 and, in his will, devised the 0.542-acre tract to Shelby Jean Moubray. By deed dated January 28, 1988, Moubray conveyed the tract to David Martin Smith and Vivian Secrist Smith.

On February 19, 1992, the complainants, Susan M. Shoemaker Hoover, Catherine G. Shoemaker Smith, Sarah P. Shoemaker Pennington, and Margie C. Shoemaker Hoover (collectively, the Hoovers), all children of Add and Bessie Shoemaker, filed a bill of complaint against Alvin Leon Shoemaker, Nellie Craun, and Charles Shoemaker, also children of Add and Bessie Shoemaker. Named as defendants in addition were Shelby Moubray and

David and Vivian Smith (collectively, the Smiths), the parties to the 1988 deed.

The bill alleged that by virtue of the provisions of Code §§ 55-20 and -21, *infra*, and the language of the 1928 deed, Add and Bessie Shoemaker became "joint tenants of such real estate having only those rights of a tenant in common" and, accordingly, "each . . . obtained by such conveyance a one-half moiety in such real estate." As a result, it was alleged, upon the death of Add Shoemaker, his one-half moiety passed by intestate succession to his surviving children, who had never conveyed away any interest in the moiety. The bill alleged that the real estate was not susceptible of convenient partition in kind and prayed for its sale, with a division of the proceeds among those entitled as their respective interests may appear.

Shelby Moubray filed a demurrer to the bill of complaint, and David and Vivian Smith demurred separately. In each demurrer, it was alleged that the bill of complaint failed to state a cause of action because, as a matter of law, the 1928 deed established in Add and Bessie Shoemaker a joint tenancy with the right of survivorship. After argument, the trial court sustained the demurrers and, in a final decree, dismissed the case with prejudice as it concerned the 0.542-acre tract conveyed by Moubray to David and Vivian Smith in 1988. We awarded the Hoovers this appeal.

Code §§ 55-20 and -21 are at the heart of the controversy. Formerly §§ 5159 and 5160 of the Code of 1919, respectively, they read now as they did at the time of the 1928 deed, except for some inconsequential amendments added to § 55-20 in 1990. Section 55-20 provides as follows:

> **§ 55-20. Survivorship between joint tenants abolished.**—When any joint tenant dies, before or after the vesting of the estate, whether the estate is real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, is conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance.

Section 55-21 provides as follows:

> **§ 55-21. Exceptions to § 55-20.**—Section 55-20 shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right when it *manifestly appears* from the tenor of the instrument that it was intended the part of the one dying should then belong to the others. Neither shall it affect the mode of proceeding on any joint judgment or decree in favor of or on any contract with two or more one of whom dies.

(Emphasis added.) The crucial inquiry, therefore, is whether it manifestly appears from the tenor of the 1928 deed that it was intended Add and Bessie Shoemaker would hold the one-acre tract with the right of survivorship. The Hoovers maintain that the deed does not manifest an intention to create a survivorship estate; the word "survivorship" is never mentioned, nor is there any statement to the effect that the part of the one dying should then belong to the other.

On the other hand, the Smiths argue that the statement in the deed, "and not as tenants in common," does manifest the necessary intention to establish a survivorship estate. The Smiths point out that, at common law, three characteristics distinguished joint tenants from tenants in common, namely, (1) joint tenants were required to convey to each other by release rather than deed, (2) they could only sue and be sued jointly, and (3) they enjoyed the right of survivorship.*

The Smiths state that the words, "and not as tenants in common," were added to the deed "for some reason." The Smiths then ask, was it so that Add and Bessie Shoemaker would have to make conveyances by release? Was it because they wanted to make sure one could not participate in court proceedings without the other? "Or were they trying to encompass" the "Doctrine of survivorship?"

The Smiths argue that "[t]his last point, the common law distinction of survivorship, is the only meaningful reason to call special attention to the fact that parties are taking title as joint tenants and specifically not as tenants in common." And the Smiths

---

* The first of these common law distinctions, conveyance by release, has been abolished by statute. *See* Code §§ 55-5 and 55-6.

conclude with the admonition that "[t]he parties gave us directions and we are obligated to follow them."

We are not obligated to follow directions, however, that are unclear, that are derived from language that is susceptible of more than one meaning. It is true that "[n]o particular words are necessary" to create a survivorship estate. *Wallace v. Wallace*, 168 Va. 216, 229, 190 S.E. 293, 298 (1937). Also, it may well be that the parties to the 1928 deed did intend to create such an estate.

However, they used uncertain language to accomplish their purpose. And for all that the language tells us, the parties may have had a different intention. There still does exist such an estate as a joint tenancy *without* survivorship, and if the parties, for whatever reason, desired to create such an estate, they might have thought they could accomplish that purpose with precisely the same language they employed in the 1928 deed.

Code § 55-21 requires only that the intention to create a survivorship estate be made manifest. To satisfy this requirement, parties need only use language that passes a simple test, one inherent in the meaning of the word "manifest." According to *Black's Law Dictionary* 962 (6th ed. 1990), manifest means "obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident." We think the language of the 1928 deed wholly fails this test and is insufficient, as a matter of law, to create a survivorship estate.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*