**Roy V. WOLFE, Plaintiff–Appellant,**

v.

**Austin B. SPROUSE, Defendant–Appellee.**

Civ. A. No. 95–0021–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

June 21, 1995.

</div>

---

1. *See In re Bozzano,* 173 B.R. at 997–99.

Roy V. Wolfe, Harrisonburg, VA, pro se.

Charles L. Ricketts, III, Allen & Carwile, P.C., Waynesboro, VA, for defendant-appellee.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The bankruptcy Trustee seeks review of a decision and order of the Bankruptcy Court upholding the debtor's claim of exemption in two promissory notes. The Bankruptcy Court ruled that the notes created tenancies by the entirety, and were, therefore, shielded from the debtor's creditors. The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1334. Because the court finds that the notes created joint tenancies, and not tenancies by the entirety, the decision of the Bankruptcy Court is reversed.

### I.

There are two promissory notes at issue on this appeal. The first, in the amount of $56,000, is made payable to "Austin B. Sprouse and Mary R. Sprouse, or the survivor of them." The second, in the amount of $38,000, is made payable to "Austin B. Sprouse and Mary R. Sprouse, or the survivor." The parties have stipulated that the Sprouses were married at the time Mr. Sprouse filed the current chapter 7 petition.

■ The Bankruptcy Judge relied heavily on *Allen v. Parkey,* 154 Va. 739, 149 S.E. 615 (1929), *aff'd* 154 Va. 739, 154 S.E. 919 (1930) in determining that the interests created by the promissory notes were tenancies by the

entirety. In *Allen*, the conveyance contained the following proviso:

> Now should the said W.P. Allen survive his wife, Mary Ely Allen, the said tract of land to be his property to dispose of as he sees proper and the same applies to the said Mary Ely Allen.

149 S.E. at 617.

The Supreme Court of Virginia held in *Allen* that this language created a tenancy by the entirety even though it was not the traditional language used to create such an interest.[1] The Court held that the language, nonetheless, clearly contemplated a tenancy by the entirety.

Finding that there was little difference between the proviso in *Allen* and the language of the promissory notes at issue here, the Bankruptcy Judge held that the notes created tenancies by the entirety.[2] The Trustee appeals this finding. The Trustee concedes that four of the five unities necessary to create a tenancy by the entirety at common law are present in the promissory notes. Specifically, the unities of interest, title, time and possession are all present in this case. However, the Trustee argues that the fifth unity distinguishing a tenancy by the entirety from a joint tenancy—the husband-wife relationship—is absent from the face of the notes. Thus, the Trustee argues, the notes create joint tenancies. No facts are in dispute. Thus, the standard of review is de novo. *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992).

## II.

Although the *Allen* case relied upon by the Bankruptcy Judge and Appellees did indeed usher in a new, more liberal era in estate draftsmanship, the court believes that it is still significant that the notes in this case make absolutely no mention whatsoever of the husband-wife relationship. Even the instrument in *Allen* itself referenced the marital status of the co-grantees. Thus, it is difficult to maintain that the language of the instrument in *Allen* is strictly analogous to the language of the notes in this case.

Moreover, section 55–20 of the Virginia Code abolishes survivorship[3] unless "it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others." *Va.Code* § 55–21. The effect of these provisions is to abolish tenancies by the entirety (and joint tenancies) unless it is "manifest" from the wording of the conveyance that the grantor intends to establish a tenancy by the entirety. *Allen v. Parkey*, 154 Va. 739, 745, 149 S.E. 615, 618 (1929) (dictum). In *Hoover v. Smith*, 248 Va. 6, 444 S.E.2d 546 (1994), the Supreme Court of Virginia defined the term "manifest" as used in section 55–21 to mean "obvious to the understanding, evident to the mind, not obscure or hidden, and ... synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident and self-evident." *Id.* 444 S.E.2d at 548 (quoting Black's Law Dictionary at 962 (6th ed. 1990)).

The court believes that the promissory notes at issue in this case fail to create

---

1. At common law, a devise of "To H and W, to be held jointly as tenants by the entirety," was required to effectuate a conveyance as tenants by the entirety.

2. Unearthing the exact interest created by the notes is crucial in this case because while an estate by the entirety is immune from the claims of creditors of either the wife or the husband alone, *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951), a joint tenancy with right of survivorship is subject to partition by a judgment lien creditor of one of the several joint tenants, *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984). Both parties agree that in Virginia, personal property may be held by wife and husband as tenants by the entirety. *Oliver v. Givens, Trustee*, 204 Va. 123, 129 S.E.2d 661 (1963).

3. *Va. Code* § 55–20 provides as follows:

 **Survivorship between joint tenants abolished.** When any joint tenant shall die, before or after vesting of the estate, whether the estate be real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower, or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, be conveyed to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance.

tenancies by the entirety under the strict standard of section 55–21 of the Virginia Code as interpreted by the Supreme Court of Virginia. The court cannot concede that an intent to convey tenancies by the entirety is manifest from the language of the notes given that the notes lack even the hint of a marital relationship. Again, the *Allen* case is distinguishable since in that case, one could discern an intent to create a tenancy by the entirety from the language of the instrument.

The court further declines Appellee's invitation to "fill in the gap" of the instrument by considering a stipulation between the parties that states the Sprouses were married at the time of the bankruptcy filing. In the absence of ambiguity, the court is limited to the four corners of an instrument in interpreting its meaning. *Wilson v. Holyfield,* 227 Va. 184, 313 S.E.2d 396 (1984). The court does not believe there is ambiguity on the face of the notes. The simple fact that the Sprouses were married at the time of the bankruptcy filing cannot serve to create ambiguity in an instrument that makes no reference to that fact.[4]

### III.

In summary, the court holds that the promissory notes fail to create tenancies by the entirety. The provision in the *Allen* case is clearly distinguishable from the language of the promissory notes here. Thus, the court rules that the notes create joint tenan-

4. Moreover, the relevant inquiry would be whether the Sprouses were married at the time of the execution and delivery of the notes—a fact to which the parties have not stipulated.

5. Although the parties concede that survivorship interests are created by the notes, it is possible that the notes do not create tenancies by the entirety because survivorship rights are not adequately expressed on the face of the notes. In other words, the notes might simply create tenancies in common given that "the ancient common-law rule favoring joint tenancies has been reversed, and the presumptions are now almost wholly in favor of tenancies in common." 20 Am.Jur.2d. Cotenancy and Joint Ownership § 12. Sections 55–20 and 55–21 of the Virginia Code fall in line with this development by requiring that the desire to create a survivorship interest be manifestly apparent from the tenor of the instrument in order to establish a joint tenancy or a tenancy by the entirety. Indeed, "In Virgi-

cies,[5] and as such, cannot be immunized from the claims of the debtor's creditors. Accordingly, the decision of the Bankruptcy Court is reversed and remanded.

nia, when real property is conveyed to a husband and wife, the deed must specify that a tenancy by the entirety is intended or a tenancy in common results." *In re Manicure,* 29 B.R. 248, 250 (Bankr.W.D.Va.1983). Clearly, the survivorship language in the promissory notes here ("or the survivor") is not nearly as explicit as was the language in the *Allen* conveyance. In addition, case law suggests that "if a joint tenancy is to be created the expression 'and the survivor' is much to be preferred to 'or the survivor.'" 46 A.L.R.2d 523, 538. For example, the Supreme Court of Massachusetts has held that the words "or the survivor" generally create a tenancy in common since they can be interpreted to provide for the contingency of only one of the co-grantees being alive at the time the gift vests. *See Cross v. Cross,* 324 Mass. 186, 85 N.E.2d 325 (1949). It is not imperative that the court resolve this issue since the debtor cannot exempt the notes whether they create joint tenancies or tenancies in common.