**In re Claude M. SCIALDONE, Debtor.**

**Bankruptcy No. 94–25232–B.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Sept. 22, 1995.

John C. McLemore, Faggert & Frieden, Chesapeake, VA, for Contractor's Paving Company.

Dean W. Sword, Portsmouth, VA, for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case is before the court on the objection by creditor Contractor's Paving Company to an exemption claimed by the debtor.

For the reasons stated in this opinion, the objection will be sustained and the exemption disallowed.

## FINDINGS OF FACT

In February 1992 debtor purchased real property located in Virginia Beach, Virginia. Debtor's wife was not a party to the purchase contract. The deed to the property was delivered to debtor on February 4, 1992. The following is an extract from the deed as it was when delivered:

This Deed, made this 4th day of February 1992, by and between HUGH C. WEST and MOLLY WEST, his wife, and MARY SOPHIA CARNAGEY and LEONARD CARNAGEY, her husband Grantors; and CLAUDE MICHAEL SCIALDONE and DANA L. SCIALDONE, husband and wife, Grantee, whose mailing address is 2437 North Landing Road, Virginia Beach, Virginia 23456.

## WITNESSETH:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid and other good and valuable consideration, the receipt of which is hereby acknowledged, the said Grantors do hereby grant and convey, with GENERAL WARRANTY and with ENGLISH COVENANTS of TITLE unto the Grantee, to-wit:

[property description omitted]

. . . . .

It is distinctly understood that this conveyance is made to the said Grantee as his sole and separate estate, free from the control of marital rights of any present or future wife, and free from any curtesy or inchoate curtesy rights of any present or future wife of the said party of the second part, all of which are hereby expressly excluded, and with the full and complete authority in the said party of the second part to convey, encumber or otherwise deal with and dispose of the same without the necessity of joinder by or with any present or future wife of the party of the second part.

. . . . .

After the deed was delivered to debtor but before it was recorded, debtor altered the deed by adding new language as shown to the granting clause of the deed:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid and other good and valuable consideration, the receipt of which is hereby acknowledged, the said Grantors do hereby grant and convey, with GENERAL WARRANTY and with ENGLISH COVENANTS of TITLE unto the Grantee,/to-wit: *as tenants by the entirety with right of survivorship as at common law* (emphasis added)

. . . . .

On November 9, 1994, debtor's chapter 13 bankruptcy case was converted to chapter 11. Debtor claimed the real property exempt as a tenancy by the entirety pursuant to 11 U.S.C. § 522(b)(2)(B). Contractor's Paving Company timely filed an objection to the exemption.

## DISCUSSION AND CONCLUSION

Contractor's Paving Company (CPC) objects to debtor's § 522(b)(2)(B) claim of exemption on the ground that the debtor and his wife do not hold the realty as tenants by the entireties. The party objecting to a claim of exemption has the burden of proving that the exemption is not properly claimed. Fed.R.Bankr.P. 4003(c).

▆▆▆ An individual debtor may exempt an interest in property held by debtor as a tenant by the entirety to the extent that the interest is exempt from process under applicable law. 11 U.S.C. § 522(b)(2)(B). Under Virginia law, creditors of one spouse may not attach property held by the entireties; accordingly, only joint creditors of both spouses may reach entireties property. *Ford v. Poston,* 773 F.2d 52 (4th Cir.1985); *Price v. Harris (In re Harris),* 155 B.R. 948 (E.D.Va. 1993); *Ames v. Wickham (In re Wickham),* 130 B.R. 35 (Bankr.E.D.Va.1991); *In re Zimpel,* 106 B.R. 451 (Bankr.E.D.Va.1989). If property owned by an individual debtor and nondebtor spouse is not held by the entireties then the debtor's interest is an asset of the bankruptcy estate. *In re Manicure,* 29 B.R. 248 (Bankr.W.D.Va.1983).

In Virginia, estates by the entireties are abolished except where the deed or will manifests an intent of survivorship. *Va. Code Ann. §§ 55–20, 55–21 (Michie 1995).*[1] Manifest means "obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident." *Hoover v. Smith,* 248 Va. 6, 444 S.E.2d 546, 548 (1994). When real property is conveyed to a husband and wife, the deed must specify that a tenancy by the entireties is intended, or this intent must otherwise appear in the deed. *Wolfe v. Sprouse,* 183 B.R. 739 (W.D.Va.1995); *In re Manicure,* 29 B.R. at 250.

The objecting creditor CPC disputes debtor's assertion that the property is held as tenants by the entireties. It claims that the deed did not create a tenancy by the entirety because the grantors did not acknowledge the tenancy by the entirety language inserted by debtor nor was the deed re-executed by the grantors after the insertion. Consequently, debtor's interest is not exempt under Virginia law and not entitled to exemption under § 522(b)(2)(B).

Debtor argues that the deed, although altered, specifically conveyed a tenancy by the entirety and is thus exempt under Virginia law.

In *Allen v. Parkey,* 154 Va. 739, 149 S.E. 615 (1929), *aff'd,* 154 Va. 739, 154 S.E. 919 (1930), the Supreme Court of Appeals held that an unsigned memorandum, attached to a deed that was complete and duly signed, had no effect. *Parkey,* 149 S.E. at 618. The memorandum sought to create an interest that the deed, as executed, did not create. The facts in *Parkey* are substantially similar to the instant case. Debtor altered the delivered deed, seeking to establish a tenancy by the entirety which was not specified originally. Accordingly, the language added by debtor, "as tenants by the entirety with right of survivorship as at common law," had no effect on the type of estate conveyed to the grantees. *See Evans v. Bottomlee,* 150 W.Va. 609, 148 S.E.2d 712, 719 (1966) (explaining that material alteration of duly executed does not affect transfer of title but renders deed invalid); *Waldron v. Waller,* 65 W.Va. 605, 64 S.E. 964, 967 (1909) (holding that altered deed cannot operate to invest in grantee land not covered by original grant without re-execution of deed).

Once the tenancy by the entirety language is removed, the deed does not manifest an intent to create a survivorship estate. To the contrary, the deed unequivocally states that the conveyance was made to debtor as his sole and separate estate free of any interest of his wife. *See Sprouse,* 183 B.R. at 742; *Parkey,* 149 S.E. at 617, and *Va.Code Ann. § 55–21 (Michie 1995).*

A separate order will be entered sustaining creditor's objection and disallowing debtor's claim of exemption.

1. Section 55–20 of the Virginia Code states:
Survivorship between joint tenants abolished.—When any joint tenant dies, before or after the vesting of the estate, whether the estate is real or personal, or whether partition could have been compelled or not, his part shall descend to heirs, or pass by devise, or go to his personal representative, subject to debts or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, is conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given each by a separate conveyance.
However, § 55–21 provides certain exceptions:
Exceptions to § 55–20.—Section 55–20 shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others . . .