**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: AUSTIN B. SPROUSE,
<u>Debtor.</u>

ROY V. WOLFE, III,

<u>Plaintiff-Appellee,</u>

No. 95-2401

v.

AUSTIN B. SPROUSE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-95-21-H, BK-94-241-5)

Argued: May 8, 1996

Decided: June 28, 1996

Before WILKINSON, Chief Judge, and LUTTIG and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Charles Lawson Ricketts, III, ALLEN & CARWILE,
Waynesboro, Virginia, for Appellant. Roy Vergil Wolfe, III, JULIAS,
BLATT & WOLFE, P.C., Harrisonburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Austin B. Sprouse, the debtor in this Chapter 7 bankruptcy case, appeals from the district court's reversal of the bankruptcy court's conclusion that two promissory notes created tenancies by the entirety in the payees and therefore were shielded from the creditors of Mr. Sprouse (a payee on the notes). Because we agree with the district court's conclusion that the notes did not create tenancies by the entirety, we affirm.

The two promissory notes in this case are proceeds of real estate sold by Mr. Sprouse. The first note (for $56,000) is made payable to "Austin B. Sprouse and Mary R. Sprouse, or the survivor of them." The second (for $38,000) is made payable to "Austin B. Sprouse and Mary R. Sprouse, or the survivor." The Sprouses are husband and wife.

We must determine whether the language of the notes created tenancies by the entirety because if it did, the notes are exempt from the claims of the creditors of either spouse alone. Jones v. Conwell, 314 S.E.2d 61, 64 (Va. 1984).**1** All debts in this case are those of Austin Sprouse alone.

Section 55-20 of the Virginia Code abolishes survivorship between joint tenants.**2** Section 55-21 provides that § 55-20 shall not apply "to

_____

**1** If the notes create anything other than tenancies by the entirety, they are not shielded from Mr. Sprouse's creditors. See, e.g., Jones, 314 S.E.2d at 64 (joint tenancy with right of survivorship is subject to partition by a judgment lien creditor of one of the several joint tenants).
**2** Va. Code § 55-20 provides:

> Survivorship between joint tenants abolished. When any joint tenant shall die, before or after vesting of the estate, whether the

2

an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of one dying should then belong to the others." Va. Code § 55-21. "Manifest" as used in § 55-21 means "obvious to the understanding, evident to the mind, not obscure or hidden, and . . . synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident and self-evident." Hoover v. Smith, 444 S.E.2d 546, 548 (Va. 1994). However, "`no particular words are necessary' to create a survivorship estate." Id. (quoting Wallace v. Wallace, 190 S.E. 293, 298 (Va. 1937)).

Mr. Sprouse argues that §§ 55-20 and 55-21 do not abolish tenancy by the entirety, but simply abolish the presumption of survivorship unless the intent for survivorship is manifest. According to him the key inquiry is not whether the intent to create a particular estate is manifest, but rather whether the intent to create a right of survivorship is manifest. Because, Mr. Sprouse says, a survivorship intent is manifest in this case, the statute is satisfied and common law principles govern the question of what survivorship estate is created. Finally, he argues, at common law any conveyance of property to a husband and wife creates an estate by the entirety.

We reject Mr. Sprouse's interpretation of §§ 55-20 and 55-21. The Virginia Supreme Court has said that, as a result of these provisions, "tenancy by entireties is itself abolished, except where the deed or will manifests an intent that it shall continue." Allen v. Parkey, 149 S.E. 615, 618 (Va. 1929) (dicta). In Allen the court held that it was manifest that the following language created a tenancy by the entirety:

> Now should the said W.P. Allen survive his wife, Mary Ely Allen, the said tract of land to be his property to dispose of

_____

> estate be real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower, or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, be conveyed to a husband and his wife, they shall take and hold the same by moieties in a like manner as if a distinct moiety had been given by a separate conveyance.

3

as he sees proper and the same applies to the said Mary Ely Allen.

149 S.E. at 617. The language of the instrument in <u>Allen</u> referred to one party as the wife of the other. We agree with the district court that <u>Allen</u> indicates that the intent to create a tenancy by the entirety is not manifest absent some mention of the marital relationship. Here, the promissory notes make no mention of the marital status of Austin and Mary Sprouse. Accordingly, we hold that the notes do not create tenancies by the entirety.**3**

For the foregoing reasons, the judgment of the district court is affirmed.

<u>AFFIRMED</u>

_____

**3** We reject Mr. Sprouse's suggestion that we look beyond the faces of the notes to determine the marital status of the Sprouses at the time the notes were executed and delivered. Absent some ambiguity on the face of the notes, we are limited to the four corners of the notes to discern their meaning. <u>See Wilson v. Holyfield</u>, 313 S.E.2d 396, 398 (Va. 1984). On the face of the notes there is no suggestion of a marital relationship, and there is thus no ambiguity in the notes about whether the Sprouses were attempting to take as husband and wife.

4