### In re David Leigh POTTER, Debtor.

### No. 01–12461–SSM.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 27, 2002.

John P. Cummins, III, Surovell, Jackson, Colten & Dugan, P.C., Fairfax, VA, for the debtor.

James W. Reynolds, Odin, Feldman & Pittleman, P.C., Fairfax, VA, for Kennetha N. Bramley.

Robert O. Tyler, Tyler, Bartl, Burke & Gorman, P.L.L.C., Alexandria, VA, Chapter 7 Trustee.

## MEMORANDUM OPINION

STEPHEN S. MITCHELL, Bankruptcy Judge.

Before the court are the objections of creditor Kennetha N. Bramley and chapter 7 trustee Robert O. Tyler to the debtor's claimed exemption of certain investment securities which the debtor asserts are

held by him and his estranged wife—from whom he has been separated for over 6 years—as tenants by the entirety. At a hearing held on November 20, 2001, the parties agreed to submit the issues on briefs and on a stipulation of facts. The briefs and stipulations have now been filed, and the issues are ripe for determination.

### Background

David Leigh Potter ("the debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on June 7, 2001. At the time the petition was filed, he was a defendant in a lawsuit that had been brought by Kennetha N. Bramley ("Bramley") to collect sums due under a promissory note in the original principal amount of $315,000. Among the assets listed on the debtor's schedules, and claimed exempt were:

(1) an art collection in the possession of the debtor's spouse and valued at $17,375;

(2) miscellaneous items of furniture in the possession of the debtor's spouse and valued at $15,700;

(3) a firearms collection in the possession of the debtor's spouse and valued at $18,000;

(4) a Nationsbank securities account valued, as of June 1995, at $105,000;[1]

(5) 448.0866 shares of Dominion Resources, Inc. stock ("Dominion") valued at $27,763.45;

(6) 1,474.566 shares of Evergreen Utility and Telecommunications Fund—Class

A Mutual Fund stock ("Evergreen") valued at $17,694.79;

(7) a USAA Federal Savings Bank IRA (account no. 64760036) valued at $217,248.18; and

(8) a USAA Federal Savings Bank SEP–IRA (account no. 70080874) valued at $65,836.85.

Specifically, the debtor claimed the first six of these assets exempt under § 522(b)(2)(B), Bankruptcy Code, and the remaining two assets exempt under Va. Code. Ann § 34–34(H).

On June 10, 2001, Robert O. Tyler was appointed interim trustee. On July 16, 2001, he filed his objection to all of the exemptions listed above with the exception of the two IRAs. Subsequently, on July 27, 2001, Bramley filed her objection to all of the listed exemptions. The debtor then filed responses to both objections. A hearing was originally set for September 4, 2001, but was continued several times to allow the parties additional time to conduct discovery and to discuss possible settlement. On November 20, 2001, the court adopted the suggestion of the parties that the objections be submitted on briefs and stipulated facts. All three parties thereafter filed briefs in support of their positions, and both Bramley and the debtor submitted reply briefs. Additionally, all three parties filed joint stipulations of fact (the "Stipulations")[2] whereby the issues before the court were narrowed considerably.[3] As so narrowed, the sole remaining

---

1. While the debtor's schedules refer to this account as a "NationsBanc [*sic*] Securities Account," the court takes judicial notice that NationsBank Corporation merged with BankAmerica Corporation effective August 17, 1998, thereafter operating under the name Bank of America.http://www.federalreserve. gov/boarddocs/press/BHC/1998/19980817/default.pdf (visited Jan. 11, 2002). Nevertheless, for the sake of consistency the court will refer to the account by the name used on the schedules.

2. *See* docket item No. 45.

3. Essentially, the debtor has waived his claimed exemptions in the art collection, the furniture, the firearms collection, and the Nationsbank securities account, while Bramley has waived her objection to the debtor's claimed exemptions in the two IRAs.

issue to be determined by the court is whether the Dominion and Evergreen stock was properly exempted under § 522(b)(2)(B), Bankruptcy Code.

*Stipulated Facts*

With respect to the Dominion shares, the Stipulations include the following relevant facts. First, the debtor and his spouse enrolled in the Dominion Customer Stock Purchase Plan ("DCSPP") in July of 1991, paying $2,400.00 to Dominion over a twelve-month period in exchange for 36.53125 shares of Dominion stock. Second, as a result of the reinvestment of dividends from that stock purchase, the debtor and his spouse now own a total of 448.0866 shares of Dominion stock. Third, based on the August 25, 1992, DCSPP statement sent to the debtor and his spouse, the two are listed as registered uncertificated shareholders of the DCSPP in the following manner: "DAVID L POTTER AND CAROL J POTTER JT TEN[.]"[4] Fourth, paragraph 3 of the enrollment instructions for the DCSPP expressly states that "Accounts set up in more than one name will be registered 'Joint Tenants with Right of Survivorship.'"[5] Finally, under the DCSPP, "any instructions to redeem, sell or distribute ... shares must be signed by both David L. Potter and Carol J. Potter, so long as they both are living."[6]

In connection with the Evergreen shares, the Stipulations also contain the following relevant facts. First, the debtor and his spouse paid $2,000.00 over a five month period to purchase 81.85 shares of America's Utility Fund stock. Second, the America's Utility Fund stock was subsequently converted to 1,300.026 shares of Evergreen stock on March 10, 2000.

Third, as a result of the reinvestment of dividends from that stock purchase, the debtor and his spouse now own a total of 1,474.566 shares of Evergreen stock. Fourth, the America's Utility Fund stock purchase was established in the names of "DAVID L. POTTER AND CAROL J. POTTER JT TEN[,]" and all additional shares of that fund owned by the debtor and his spouse, as well as all shares of the Evergreen fund owned by the debtor and his spouse, have been similarly registered. Fifth, additional shares of each fund purchased through reinvestment have been designated as being held by "David L. Potter and Carol J. Potter [as] Joint Tenants With Rights of Survivorship." Lastly, "any written instruction to redeem (or sell) any amount of such shares ... must be signed by both David L. Potter and Carol J. Potter, and each signature must be properly guaranteed."[7]

*Discussion*

I.

This court has subject-matter jurisdiction over the present controversy under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference entered by the United States District Court for the Eastern District of Virginia on August 15, 1984. Under 28 U.S.C. § 157(b)(2)(B), this is a core proceeding in which final orders and judgments may be entered by a bankruptcy judge, subject to the right of appeal under 28 U.S.C. § 158.

II.

Under § 541, Bankruptcy Code, the filing of a bankruptcy petition creates an "estate" composed of all legal and equitable interests of the debtor in property, "wherever located and by whomever held."

4. *See* Stipulations, at Ex. C.

5. *See* Stipulations, at Ex. B.

6. *See* Stipulations, at Ex. D.

7. *See* Stipulations, at Ex. E.

This includes a debtor's interest in property held as tenants by the entireties with a non-debtor spouse. *Greenblatt v. Ford (In re Ford)*, 638 F.2d 14 (4th Cir.1981). Nevertheless, as part of his or her fresh start, an individual debtor may "exempt from property of the estate"—and thus hold, free from the claims of the trustee and most creditors—either the property specified in § 522(d), Bankruptcy Code ("the Federal exemptions"), or, alternatively, the exemptions allowable under state law and general (non-bankruptcy) Federal law. § 522(b), Bankruptcy Code. However, a state may "opt out" of allowing its residents to take advantage of the Federal exemptions. § 522(b)(1), Bankruptcy Code. Virginia has done just that. Va.Code Ann. § 34–3.1. Accordingly, residents of Virginia filing bankruptcy petitions may claim only those exemptions allowable under state law and general (nonbankruptcy) Federal law. *In re Smith*, 45 B.R. 100 (Bankr.E.D.Va.1984).

Relevant to the present controversy, a debtor who claims exemptions under state law may exempt in bankruptcy:

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

§ 522(b)(2)(B), Bankruptcy Code. Under Virginia law, property held as tenants by the entirety may be reached by joint creditors of both spouses but is not liable for the debts of either spouse alone. *Vasilion v. Vasilion*, 192 Va. 735, 740–43, 66 S.E.2d 599, 602–04 (1951). Therefore, such property is exempt from the claims of nonjoint creditors, and may be administered by the trustee only for the benefit of joint creditors. *Williams v. Peyton (In re Williams)*, 104 F.3d 688, 690 (4th Cir. 1997); *Sumy v. Schlossberg*, 777 F.2d 921, 927–28 (4th Cir.1985). Until recently, there was some question in Virginia whether a tenancy by the entireties— which was historically an estate in lands— could be created in personal property other than the rents and proceeds of the sale of real estate held as tenants by the entirety. *See In re Massey*, 225 B.R. 887 (Bankr.E.D.Va.1998) (holding that shares of stock, and by extension a brokerage account, could be held as tenants by the entirety). This uncertainty was laid to rest when the General Assembly enacted Va.Code Ann. § 55–20.1 in 1999 to expressly provide that personal property may be held as tenants by the entirety.[8]

That being said, in order to create a tenancy by the entireties, it is nevertheless necessary that the interest so created satisfy the five common-law "unities" of interest, title, time, possession, and mar-

8. Va.Code Ann. § 55–20.1, which became effective July 1, 1999, read in relevant part as follows on the date the debtor filed his chapter 7 petition:

Any persons may own real or personal property as joint tenants with a right of survivorship or as tenants in common or, if husband and wife, as tenants by the entireties. Personal property may be owned as tenants by the entireties whether or not the personal property represents the proceeds of the sale of real property.

Section 55–20.1 was amended, effective July 1, 2001, to delete the quoted references to tenancy by the entireties. However, those provisions were carried over without substantial change to a newly-enacted Section 55–20.2(A), which now provides in relevant part as follows:

Any husband and wife may own real or personal property as tenants by the entireties. Personal property may be owned as tenants by the entireties whether or not the personal property represents the proceeds of the sale of real property.

riage. *See Wolfe v. Sprouse,* 183 B.R. 739, 741 (W.D.Va.1995), *aff'd,* 91 F.3d 133, 1996 WL 359573 (4th Cir.1996) (table). Further, under Va.Code Ann. § 55–21, a tenancy by the entireties cannot result unless the parties involved have manifested "[a]n intent that the part of the one dying should belong to the other...." *Allen v. Parkey,* 154 Va. 739, 149 S.E. 615 (1929), *aff'd on reh'g,* 154 Va. 739, 154 S.E. 919 (1930). In Virginia, it is not necessary that the deed or other evidence of title actually use the magic words "tenants by the entirety" in order to create such an estate, so long as the owners are described as husband and wife and take jointly with right of survivorship. See *In re Zella,* 196 B.R. 752 (Bankr.E.D.Va.1996), *aff'd,* 202 B.R. 712 (E.D.Va.1996) (deed to "Elmer M. Zella and Jennie J. Zella, his wife ... as joint tenants with the full common law right of survivorship" created a tenancy by the entirety); *Burroughs v. Gorman,* 166 Va. 58, 184 S.E. 174 (1936) (deed to Mary A. Gorman and James Gorman, her husband, "to be owned and held by them as joint tenants with the common-law right of survivorship" created a tenancy by the entirety). On the other hand, use of the words "tenants by the entirety" (or some reasonable abbreviation thereof) is sufficient to create a tenancy by the entirety even without words expressly describing the joint owners as husband and wife. *Massey,* 225 B.R. at 896 (holding that the phrase "as tenants by the entirety" and the abbreviation "ATBE" appended to the names of the debtor and his wife manifestly expressed both the marital relationship

and the intent to create a right of survivorship in two brokerage accounts). The General Assembly subsequently codified that portion of the *Massey* holding by amending Va.Code Ann. § 55–21 to provide as follows: [9]

> An intent that the part of the one dying should belong to the other shall be manifest from a designation of a husband and his wife as "tenants by the entireties" or "tenants by the entirety."

■ But what is the result where the designation "tenants by the entirety" is not used, and parties who are married simply take title as joint tenants with right of survivorship, without being *described* as husband and wife? It seems clear that in such a case a tenancy by the entireties does *not* result. *Sprouse,* 183 B.R. at 741–42. In *Sprouse,* certain promissory notes received from the sale of the husband's separate property were made payable "to Austin B. Sprouse and Mary R. Sprouse, or the survivor" and lacked "even the hint of a marital relationship." *Id.* Although there was extrinsic evidence that Mr. and Mrs. Sprouse were married at the time the notes were executed, the court held that the marital relationship had to be stated on the face of the notes in order to create a tenancy by the entirety. *Id.*

■ In summary, in order to create a tenancy by the entireties, the document by which the debtor and the debtor's spouse acquire or hold joint title must either (1) designate them as tenants by the entirety, or (2) designate them as husband and wife, joint tenants with right of survivorship.[10]

9. The quoted language has since been transferred, effective July 1, 2001, to newly-enacted § 55–20.2(A).

10. One of the characteristics of a tenancy by the entireties is that neither owner, by his or her sole act, can dispose of the property. *See* 2 Blackstone, Commentaries 182, *quoted in Turlington v. Lucas,* 186 N.C. 283, 119 S.E.

366 (1923) ("[N]either the husband nor wife can dispose of any part without the assent of the other, but the whole must remain in the survivor.") Accordingly, any financial account or stock ownership, in addition to being formally designated in a manner that creates a tenancy by the entireties, must also require the signature of both husband and wife in

Since the Evergreen and Dominion shares are titled simply in two names as joint tenants with right of survivorship, but without any indication of a marital relationship, they are not held as tenants by the entirety but merely as joint tenants.[11] Accordingly, the debtor's interest in the Evergreen and Dominion stock cannot be claimed exempt under § 522(b)(2)(B), Bankruptcy Code. Since there is no other apparent basis upon which the debtor's interest can be exempted, the exemption will be disallowed.

### III.

For the foregoing reasons, the court concludes that the debtor's claimed exemptions in the following assets will be disallowed: (a) the art collection in the possession of his spouse valued at $17,375; (b) the miscellaneous items of furniture in the possession of his spouse valued at $15,700; (c) the firearms collection in the possession of his spouse valued at $18,000; (d) the Nationsbank securities account valued, as of June 1995, at $105,000; (e) the 448.0866 shares of Dominion stock valued at $27,763.45; and (f) the 1,474.566 shares of Evergreen stock valued at $17,694.79. The debtor's claimed exemptions in the USAA Federal Savings Bank IRAs (account Nos. 64760036 and 70080874) valued at $217,248.18 and $65,836.85 respectively, will be allowed. A separate order will be entered consistent with this opinion.

order to make withdrawals. In the present case, the stipulated evidence establishes that the sale or other disposition of the Dominion Resources and Evergreen stock would require the signature of both owners, so this point is not at issue.

**11.** In Virginia, a joint tenancy is subject to partition by a judgment lien creditor of one of the joint tenants. *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984).