# Richmond.

## DRAKE v. BLYTHE AND OTHERS.

### March 12, 1908.

Absent, Cardwell, J.

1. WILLS—*Joint Tenants—Survivorship—Case in Judgment—Code, Section 2431.*—A testator left the following will: "October 15, 1869. Eye give to my wife all my estate her life and at her deth eye give to my two daughters Eveline M. Joyner and Caroline F. Joyner to them and their heirs forever and if they dye with douth are eye give it to son Junius W. Joyner, the son of son my daughter Mary Jane Drake    Eye give to my daughter Mary Jane Drake five dollars." At the date of the will, the farm in controversy was the home of the testator and his wife and two unmarried daughters, Eveline and Caroline. The testator was survived by his wife and the three daughters mentioned in the will, and the grandson Junius W. Drake, son of Mary Jane Drake, who was sometimes called Junius W. Joyner. After the death of the testator Caroline married and had a son living, and Eveline M. Joyner died unmarried and without issue. The grandson, Junius W. Drake, claims title to one-half of the estate.

   *Held:* It manifestly appears from the tenor of the will that it was intended that, upon the death of Eveline, her share should pass to Caroline F., and not to the grandson. Survivorship in such case is not abolished by the statute. Code, 1849, ch. 116, sec. 18; Codes 1887 and 1904, sec. 2431.

Appeal from a decree of the Circuit Court of Southampton county. Decree for the defendant Caroline Blythe. Complainant appeals.

*Affirmed.*

This suit was brought to have a partition of seventy acres of land devised by Elijah Joyner, and, incidentally, a construction

of his will. The will set out in the opinion of the court was admitted to probate in December, 1869. The testator left surviving him his wife and three daughters and a grandson, all of whom are mentioned in his will. After his death, his daughter Eveline died, unmarried and without issue, and his daughter Caroline married and had a son who, with his mother, was living at the time of the institution of this suit. The grandson claimed that upon the death of Eveline, unmarried and without issue, her share passed to him under the will of his grandfather, and this suit was brought to establish that claim and to have partition of the land.

*John N. Sebrell, Jr.,* for the appellant.

*W. J. Sebrell,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This case (a suit in equity for partition) involves the construction of the will of Elijah Joyner, deceased, which is as follows:

"October 15, 1869, Eye give to my wife all my estate her life and at her deth eye give to my two daughters Eveline M. Joyner and Caroline F. Joyner to them and their heirs forever and if they dye with douth are eye give it to son Junius W. Joyner, the son of son my daughter Mary Jane Drake Eye give to my daughter Mary Jane Drake five dollars."

The testator was survived by his wife, Patsy Joyner (who died a few years after husband) and three daughters, Eveline M. (who died in the year 1905, unmarried and without issue), Caroline F. (who intermarried with Joseph Blythe, of which marriage there is a son, Lucius Blythe, now living) and Mary Jane Drake; also her son, Junius W. Drake (sometimes called Junius W. Joyner).

Upon the death of Eveline M. Joyner, Junius W. Drake asserted title to half of the estate, and from a decree disallowing his pretension this appeal was granted.

It is conceded that at the death of .the widow the two daughters, Eveline and Caroline, took under the will a defeasible fee in the 70 acres, which formed practically all the estate, as joint tenants; and at common law, on the death of Eveline without issue, her moiety would have passed to Caroline by right of survivorship. The appellant, however, contends, that survivorship between joint tenants having been abolished in Virginia by statute (Code, 1849, ch. 116, sec. 18), upon a proper construction of the will, at the death of Eveline without issue, he took one-half of the estate.

It will be remembered that the act abolishing survivorship contains the exception, that it "shall not apply  *  *  *  to an estate conveyed or devised to persons in their own right, where it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others." Codes, 1849, ch. 116, sec. 18; 1887 and 1904, sec. 2431.

At the date of the will, the little farm in controversy was the home of the testator, his wife and two unmarried daughters, Eveline and Caroline. . Under these circumstances, it was the natural desire of the testator to perpetuate this home for the benefit of his wife, who was shortly to take his place as the natural head of the family, for her life, with remainder to the next objects of his solicitude, his two unmarried daughters for their joint lives; and, if both should die without issue, then to the ultimate object of his bounty, his kinsman in the next degree, the grandson, son of his remaining daughter, Mrs. Drake, who, for some unexplained reason, he did not wish to participate in his estate.

The testator, though an illiterate man, has expressed these dominant purposes of his mind in unmistakable language. . So we find, that the property is given in its entirety to the wife for life; and, at her death, the remainder in the identical subject, without change or diminution, is given to his two daughters, Eveline and Caroline, to them and their heirs forever; if they

should die without heirs, and *only upon that contingency,* "it," the entire farm and not part of it, shall devolve upon the appellant.

It calls for no stretch of the language of the will, therefore, to hold, that, in the words of the statute, "it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying (Eveline) should then belong to the other" (Caroline).

For these reasons, the decree of the circuit court, which reaches the result indicated, must be affirmed.

*Affirmed.*