# Richmond

JEANIE K. BURROUGHS v. JAMES GORMAN.

March 12, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Barbour, Garnett & Pickett,* for the appellant.

No appearance for the appellee.

HOLT, J., delivered the opinion of the court.

Plaintiff in her bill states:

"That by deed, dated August 19th, 1926, recorded in Deed Book 250, page 145, of the deed books of Arlington county, Virginia, Lillie U. Owen and Robert Owen, her husband, conveyed to Mary A. Gorman and James Gorman, her husband, a certain lot or parcel of land at Ballston in Arlington county, Virginia, to be owned and held by them as joint tenants with the common-law right of survivorship; that said land is improved by a small bungalow, and is now worth about $2,000; that the purchase price for said property was paid out of joint funds which had been accumulated by the said Mary A. Gorman and James Gorman over a period of years; that some two or three years ago the said James Gorman, without just cause or excuse, deserted and abandoned his wife, the said Mary A. Gorman, and has failed and neglected to maintain and support the said Mary A. Gorman.

"That your complainant is the daughter of the said Mary A. Gorman, and by deed dated May 31st, 1934, the said Mary A. Gorman in consideration of natural love and affection conveyed to complainant all of her right, title and interest in and to the aforesaid real estate.

"Your complainant is advised, and, therefore, charges that as a result of the aforesaid deed she and the said James Gorman are tenants in common of the said real estate, and that complainant has the right to compel a partition thereof."

To plaintiff's bill a demurrer was interposed and sustained.

■ Joint tenancy with survivorship as an incident is a common-law estate. Has it been abolished by statute in Virginia?

■ Partition among joint tenants is compellable. Code, section 5279. Survivorship between joint tenants is abolished and they hold as tenants in common. Code, section 5159. But this is subject to exceptions provided in Code, section 5160, which reads:

"Exception.—The preceding section shall not apply to any estate which joint tenants have as executors or trus-

tees, nor to an estate conveyed or devised to persons in their own right, when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others. Neither shall it affect the mode of proceeding on any joint judgment or decree in favor of or on any contract with two or more, one of whom dies."

The intention of the parties is conceded in the bill.

This cause is controlled by that of *Allen* v. *Parkey,* 154 Va. 739, 149 S. E. 615, 154 S. E. 919, which deals in greater detail with the issue here.

The decree of the trial court must be sustained, and it is so ordered.

*Affirmed.*