**In re Austin B. SPROUSE, Debtor.**

**Bankruptcy No. 5–94–00241–7.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 3, 1995.

Charles L. Ricketts, III, Waynesboro, VA, for debtor.

Roy V. Wolfe, III, Trustee, Harrisonburg, VA.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the Court for decision arises as a result of the objection of the trustee in bankruptcy to the debtor's claim of exemption in two promissory notes which are payable to the debtor and his wife, or the survivor. The debtor takes the position that the use of the words "or survivor" after the names of the husband and wife is sufficient to create a tenants by the entirety form of ownership in the notes which is exempt from the claims of creditors under Virginia law. The trustee on the other hand, takes the position that the usage of the words "or the survivor" creates a joint tenancy with rights of survivorship between the parties leaving the debtor's interest in each of the notes subject to the trustee's administration for the benefit of debtor's individual creditors.

### Facts

The parties have stipulated all of the facts necessary for a decision in this case. There are two promissory notes. The first one is dated September 11, 1986, in the original principal unpaid face amount of $56,000.00 and an unpaid balance as of the petition date of $38,612.49. The payees on this note are "Austin B. Sprouse and Mary R. Sprouse, or the survivor of them." A second note is dated July 31, 1981, in the original principal unpaid face amount of $38,000.00 and an unpaid balance as of the petition date of $24,299.84. The payees on this note are "Austin B. Sprouse and Mary R. Sprouse, or the survivor."

At the time of Mr. Sprouse's filing of his Chapter 7 petition, he and Mary R. Sprouse were husband and wife. All of the debts listed on Mr. Sprouse's Chapter 7 schedules are his individual debts.

### Law

All of the parties agree that the law in Virginia is well settled on the following points:

1. An estate by the entirety is liable for the joint debts of both spouses but is immune

from the claims of creditors of either the husband or the wife alone. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951).

2. An estate by the entirety may exist in personal property. *Moore v. Glotzbach*, 188 F.Supp. 267 (E.D.Va.1960). *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963).

3. Under Code of Virginia, § 55–20, survivorship between joint tenants is abolished. However, pursuant to section 55–21, section 55–20 is not applicable "to an estate conveyed . . . to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others."

### Discussion

It is clear from the facts set forth above that the payees of the notes, the Sprouses, intended that the part of the one dying should belong to the survivor. The trustee takes the position that the only effect of the language in the note when applied to the Virginia Code provisions referenced above is that there is a joint tenancy with rights of survivorship. The trustee believes that the effect of the enactment of section 55–20 was to abolish tenants by the entirety and that the only way it can be resurrected is for parties to use specific tenants by the entirety language in their instruments, thereby bringing themselves within the saving language of section 55–21. A necessary corollary to the trustee's argument is that somehow section 55–20 established, contrary to common law, that husband and wife can take title to property as joint tenants with rights of survivorship if they use language of survivorship in their documents but not the magic words "tenants by the entirety." He cites *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984), for the proposition that a joint tenancy with right of survivorship is subject to partition by a judgment lien creditor of one of the several joint tenants. Thus, the trustee argues that he may proceed to liquidate Mr. Sprouse's portion of the notes for the benefit of Mr. Sprouse's creditors.

The debtor takes the position that the language in the notes brings this case within section 55–21 of the Code of Virginia. In response to the trustee's argument that the notes are held in joint tenancy, the debtor argues that a husband and wife could only take title to property at common law as tenants by the entireties and that the statute did not change the common law in this respect. The debtor relies on *Allen v. Parkey*, 154 Va. 739, 149 S.E. 615 (1929), *aff'd*, 154 Va. 739, 154 S.E. 919 (1930). In the *Allen* case, Mr. Allen and his wife took title to property after Virginia enacted the predecessors to sections 55–20 and 55–21 of the Code of Virginia. The conveyance to the Allens was to W.P. Allen and Mary Ely Allen and contained the following proviso: "Now should the said W.P. Allen survive his wife, Mary Ely Allen, the said tract of land to be his property to dispose of as he sees proper and the same applies to the said Mary Ely Allen." 154 Va. at 743, 149 S.E. at 617. In reaching its decision, the Virginia Supreme Court reviewed the status of conveyance of property to a man and woman jointly after marriage: "The seisin is *per tout et non per mie*, and there is survivorship upon the death either of husband or wife and neither can dispose of any part of the estate without the consent of the other." *Id.* In reaching its decision, the Supreme Court stated:

> Section 5279 of the Code of 1919 provides that 'tenants in common, joint tenants, and co-parceners shall be compellable to make partition.' It will be observed that partition is not compellable by statute between tenants by entirety, but that end is reached through section 5159 which makes tenants by entirety tenants in common, in turn modified by section 5160 where it is declared that this conversion shall not take place when it is manifestly not intended.

154 Va. at 746, 149 S.E. at 618 (citing *Drake v. Blythe*, 108 Va. 38, 60 S.E. 632).

> We think such intention is manifest by the deed and judgment. The interest of Mr. Allen and of his wife cannot be partitioned. The right of survivorship exists and this interest is at this time beyond the reach of his creditors.

*Id.*

██ In the *Allen* case, the deed conveys a clear intention on the part of the parties that

the survivor of the husband and wife would receive the decedent's interest in the property. There is no use of the words "tenants by the entirety" in the deed. Nevertheless, the Supreme Court found the language of the deed sufficient to establish the tenancy by the entirety. There is no decided case law in Virginia which changes or questions the holding in *Allen v. Parkey.* Like the *Allen* case, the wording of the promissory notes in the case at bar is sufficient to establish a tenancy by the entirety.

The trustee attempts to rely on *In re Manicure,* 29 B.R. 248 (Bankr.W.D.Va.1983), for the proposition that the deed must specify that a tenancy by the entirety is intended. However, *Manicure* is distinguishable because there is no language in the deed evidencing an intent to create a tenancy by the entirety. The granting clause in the *Manicure* deed simply conveyed title to "the said parties of the second part" and there is no language in the deed which would indicate how the parties intended to take title to the property. *Id.* at 250.

### Conclusion

In the case at bar, section 55–20 of the Code of Virginia does not apply because the parties manifested an intention that the notes should go to the survivor. Since the statute does not operate to create a tenancy in common in this case, section 55–21 of the Code of Virginia and common law dictate that the language operates to create an estate by the entirety. Accordingly, it is

### ORDERED:

That the trustee's objection to the claimed exemptions of the debtor in the two promissory notes be, and it hereby is DENIED.