In re Elmer Michael ZELLA, Debtor.

Bankruptcy No. 95–15478–AM.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

May 30, 1996.

James W. Reynolds, Odin, Feldman & Pittleman, Fairfax, Virginia, for Chapter 7 Trustee.

Dominique V. Sinesi, Henry & Henry, Fairfax, Virginia, for Debtor.

## MEMORANDUM OPINION

STEPHEN S. MITCHELL, Bankruptcy Judge.

A hearing was held in open court on May 28, 1996, on the objection filed by the chapter 7 trustee, Donald F. King, on March 8, 1996, to the debtor's claim of exemption in the proceeds of sale of 3201 Lockheed Boulevard, Alexandria, Virginia, in the amount of $59,-000. At the conclusion of the hearing, the court ruled from the bench that the sales proceeds could not be claimed exempt under § 34–4, Code of Virginia, in excess of the amount permitted by that statute, but that the entire proceeds could be claimed exempt under § 522(b)(2)(B), Bankruptcy Code, as tenancy by the entireties property. An order was entered the next day reflecting the bench ruling. This memorandum opinion supplements the findings of fact and conclusions of law made orally on the record at the hearing.

### Facts

The relevant facts have been stipulated. The debtor, Elmer Michael Zella, filed a voluntary petition under chapter 7 of the Bankruptcy Code in this court on December 8, 1995. Among the assets listed on his schedules was $59,000.00, described as "Tenancy by the Entirety Account: proceeds from sale of marital home." The account was claimed exempt on the debtor's Schedule C on the purported authority of § 34–4, Code of Virginia. On January 18, 1996, the debtor filed an amended Schedule C in which he again claimed the property exempt, but added as an additional basis for the exemption "exempt as property held as tenants by the entireties." The $59,000 at issue derives from the sale of a house located at 3201 Lockheed Boulevard, Alexandria, Virginia, that had been owned by the debtor and his wife, Jennie J. Zella. The debtor and his wife acquired the property by deed dated June 5, 1957. The deed is a printed form, with portions filled in by typewriter. The language of the deed relevant to the present dispute reads as follows:

> This Deed, made this 5th day of June, 1957, by and between Fairchild Development Corporation grantor and Elmer M. Zella and Jennie J. Zella, his wife, grantee(s),
>
> Witnesseth: That for and in consideration of the sum of ten dollars and other valuable considerations, the grantor does hereby grant, bargain, sell and convey unto the grantee(s) *as joint tenants with the full common law right of survivorship*, in fee simple and with general warranty of title, the following described land with its im-

provements in the County of Fairfax, Virginia.

All of Lot 9, Block 1, Section 1, Hybla Valley, as the same is duly dedicated, platted and recorded among the land records of said County in Deed Book 1449, page 441.

(emphasis added). On August 18, 1995, the debtor and his wife sold the property for $155,000. After payment of the existing deed of trust and closing costs, the net proceeds of sale were $59,546.73, which the debtor and his wife placed in an account titled in their names as tenants by the entireties. Of the liabilities listed on the debtor's schedules, only one—the claim of Capital One Mastercard in the amount of $6,693.24—is shown as a joint liability of the debtor and his wife. The debtor filed a timely homestead deed claiming the proceeds of sale exempt in the amount of $1.00.

### Conclusions of Law and Discussion

This court has jurisdiction over this controversy under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference entered by the United States District Court for the Eastern District of Virginia on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### A.

■ The pivotal issue is whether, in Virginia, a deed to parties described in the deed as husband and wife, and who are in fact husband and wife, as "joint tenants with the full common law right of survivorship," creates a tenancy by the entireties. If so, there can be little question that such property is exempt from the claims of non-joint creditors, *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951), and for that reason exempt under § 522(b)(2)(B), Bankruptcy Code.[1] This is true not only of the land itself, but of the proceeds of sale of the land.

*Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963); *Pitts v. United States*, 242 Va. 254, 408 S.E.2d 901 (1991).

■ The court concludes that the deed in question does in fact create a tenancy by the entireties, notwithstanding the lack of language using those specific words. The seminal case in Virginia on this point is *Allen v. Parkey*, 154 Va. 739, 149 S.E. 615 (1929), *aff'd on reh'g*, 154 Va. 739, 154 S.E. 919 (1930). In that case, a trustee under an assignment for the benefit of creditors sought to have the debtor's interest in a fifty acre tract of land he held with his wife partitioned for the benefit of the husband's creditors. The deed under which the debtor and his wife acquired title to the property contained the following language:

Witnesseth, that for and in consideration of the sum of thirteen hundred and fifty dollars paid, and secured to be paid, the said Anna Ely doth give, grant, bargain, sell and convey with covenants of general warranty unto the said W.P. Allen and Mary Ely Allen all of her right, title and claim and interest in and to all that certain tract or parcel of land ... supposed to contain fifty acres more or less. ... Now should the said W.P. Allen survive his wife, Mary Ely Allen, the said tract of land to be his property to dispose of as he sees proper and the same applies to the said Mary Ely Allen, his wife.

154 Va. at 742–43, 149 S.E. at 617. The then-Supreme Court of Appeals of Virginia (now the Supreme Court of Virginia), in discussing the applicability of then-§§ 5159 and 5160, Code of Virginia (1919)—now §§ 55–20 and 55–21, Code of Va. (1950)—noted that the statutes in question had the effect of abolishing tenancies by the entirety in Virginia, so that a conveyance to husband and wife created only a tenancy in common, unless "it manifestly appears from the tenor of the instrument that it was intended the part of

---

1. The cited section allows an individual debtor to exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law." The trustee may, however, sell

the interest of the debtor and the debtor's spouse in tenancy by the entireties property for the benefit of their joint creditors. *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985). In such event, after payment of secured claims in full and the joint unsecured claims, any balance remaining is returned to the debtor and the non-debtor spouse. *In re Harris*, 155 B.R. 948 (Bankr.E.D.Va.1993).

the one dying should then belong to the others." 154 Va. at 745, 149 S.E. at 617–18. The Court held, with respect to the deed before it, that the intention to preserve the right of survivorship was "manifest." Accordingly, the Court ruled: "The interest of Mr. Allen and his wife cannot be partitioned. The right of survivorship exists and this interest is at this time beyond the reach of his creditors.... This fifty acre tract cannot be partitioned." 154 Va. at 746, 149 S.E. at 618.

*Allen v. Parkey* was followed in *Burroughs v. Gorman,* 166 Va. 58, 184 S.E. 174 (1936), a case in which the deed in question was strikingly similar to the one before this court. In that case, a lot with a small bungalow had been conveyed to Mary A. Gorman and James Gorman, her husband, "to be owned and held by them *as joint tenants with the common-law right of survivorship.*" 166 Va. at 59, 184 S.E. at 174 (emphasis added). After James Gorman deserted her, Mary A. Gorman conveyed all of her right, title and interest in the property to her daughter, who then brought a partition suit, asserting that, as a result of the deed, she and James Gorman were tenants in common and that she therefore had a right to compel partition. The Supreme Court of Appeals of Virginia, although observing, "Partition among joint tenants is compellable," nevertheless held that the intention of the parties to preserve the right of survivorship "is conceded in the bill [of complaint]" and that "[t]his cause is controlled by that of *Allen v. Parkey* ...," which deals in greater detail with the issue here." 166 Va. at 60, 184 S.E. at 174. Accordingly, the Court affirmed the lower court decree that had sustained the husband's demurrer.

The chapter 7 trustee has cited to a number of more recent cases that he contends support an opposite conclusion. First, he points to *Jones v. Conwell,* 227 Va. 176, 314 S.E.2d 61 (1984), where the Virginia Supreme Court held that, under § 8.01–81, Code of Virginia, a joint tenancy with right of survivorship is subject to partition by a judgment lien creditor of one of the joint tenants. In *Jones v. Conwell,* however, the property was owned by four joint tenants. While two of them (including the judgment debtor) were married to each other, the other two were not. The Court explained the historical distinction between joint tenancies and tenancies by the entireties:

> It is settled that tenancies by the entirety are based upon the same four unities that support joint tenancies, that is, the unities of title, estate, time, and possession. However, it is also settled that tenancies by the entirety *are supported by a fifth unity which they do not share with any other tenancy: the unity of marriage.* That unity embodies the legal fiction that husband and wife are one. And it leads to the result that neither husband nor wife can by his or her sole act defeat the survivorship interest of the other spouse.

227 Va. at 181, 314 S.E.2d at 64 (emphasis added). By contrast, the Court noted, a joint tenant with right of survivorship could dispose completely of his or her interest in the joint tenancy so long as the disposition was made during life. *Id.* Based on "the principle that whatever a debtor may voluntarily transfer ... his creditors can reach," 227 Va. at 183, 314 S.E.2d at 65, the Court ruled that a judgment creditor could have the debtor's fractional interest in jointly-owned property applied to the satisfaction of the debt notwithstanding that the debtor held his interest with right of survivorship. The important point for the present discussion, however, is that ownership of the property at issue in *Jones v. Conwell* extended beyond husband and wife. Nothing in the opinion even remotely suggests that the Supreme Court of Virginia intended to retreat from its holding in *Allen v. Parkey* and the cases that have followed it; indeed, the opinion specifically cites *Allen v. Parkey* for the proposition that "tenancies by the entirety ... are immune from the creditors of a single cotenant and .. cannot be partitioned." 227 Va. at 181, 314 S.E.2d at 64.

The trustee also points to language in *In re Manicure,* 29 B.R. 248 (Bankr.W.D.Va. 1983) (Pearson, J.) that "[i]n Virginia, when real property is conveyed to a husband and wife, the deed must specify that a tenancy by the entirety is intended or a tenancy in common results." 29 B.R. at 250. In *Manicure,* the deed to "James E. Manicure and Wanda

H. Manicure, his wife" contained a granting clause stating that the grantors

> do hereby grant, bargain, sell and convey, with covenants of GENERAL WARRANTY of title unto the said parties of the second part, all those two (2) certain lots....

Notably lacking was *any* language suggesting survivorship. In the absence such language, it is clear that a conveyance to a husband and wife creates only a tenancy in common, and the Court in *Manicure* so held, citing § 55–20, Code of Virginia.[2] That is not the case here: the deed by which the debtor and his wife took title clearly and specifically contains the language, "with the full common law right of survivorship," thereby bringing it squarely within the exception to the statute.[3] *Burroughs v. Gorman, supra.*

Finally, the trustee cites to *Wolfe v. Sprouse,* 183 B.R. 739 (W.D.Va.1995) (Michael, J.). The dispute in that case concerned two promissory notes, one payable to "Austin B. Sprouse and Mary R. Sprouse, or the survivor of them," and the other to "Austin B. Sprouse and Mary R. Sprouse, or the survivor." Although the Sprouses were in fact married, they were not described in the notes as husband and wife. The Bankruptcy Court had ruled, following *Allen v. Parkey,* that the notes were held as tenants by the entirety,[4] and the trustee appealed, arguing "that the fifth unity distinguishing a tenancy by the entirety from a joint tenancy—the husband-wife relationship—is absent from the face of the notes." 183 B.R. at 741. Reversing, the District Court noted:

Although the Allen case relied upon by the Bankruptcy Judge and Appellees did indeed usher in a new, more liberal era in estate draftsmanship, the court believes that it is still significant *that the notes in this case make absolutely no mention whatsoever of the husband-wife relationship.*

*Id.* (emphasis added). Moreover, the District Court held that it was limited "to the four corners of the instrument" in construing the notes and could not consider the fact that the Sprouses were in fact married. Accordingly, the District Court ruled that the notes created joint tenancies, not tenancies by the entireties. In the present case, by contrast, the deed to the debtor and his wife describes them as husband and wife, thereby establishing the "fifth unity" needed to create a tenancy by the entireties.

In short, none of the cases cited by the trustee reject the essential teaching of *Allen v. Parkey* and *Burroughs v. Gorman,* namely, that in Virginia a conveyance of real estate to husband and wife as "joint" tenants with the common-law right of survivorship creates a tenancy by the entireties. The language in the deed before the court explicitly evidences the intent to preserve the common-law right of survivorship, thus bringing the deed within the § 55–21, Code of Va., exception to the rule in § 55–20, Code of Va., that would otherwise result in the debtor and his wife having held their interests "by moities," i.e., in common. The use in the deed of the term "joint tenants," coupled with the explicit reference that the grant was "with the full common law right of survivorship" adequately provided four of the five unities

---

2. **§ 55–20. Survivorship between joint tenants abolished.** When any joint tenant dies ... his part shall descend to his heirs, or pass by devise, or to his personal representative, as if he had been a tenant in common. And if hereafter any estate, real or personal, is conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance.
   **§ 55–21. Exceptions to § 55–20.** Section 55–20 shall not apply to ... an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others....

3. In light of the actual language of §§ 55–20 and 55–21, Code of Va.—which was the only authority cited in *Manicure*—the statement that "the deed must specify that *a tenancy by the entirety* is intended or a tenancy in common results" is misleading outside the context of that case, because that is not what the statute says. What a deed to husband and wife must make clear, in order to create a tenancy by the entireties, is that "the part of the one dying should then belong to the other" or otherwise a tenancy in common results.

4. *In re Sprouse,* 178 B.R. 99 (Bankr.W.D.Va. 1995) (Krumm, C.J.).

(title, estate, time, and possession), and the reference in the instrument to Jennie J. Zella as the wife of Elmer M. Zella adequately supplied the fifth unity (marriage), necessary to the creation of a tenancy by the entirety. Accordingly, the court concludes that the debtor and his wife held title to 3201 Lockheed Boulevard as tenants by the entirety. Since it is undisputed that the $59,546.73 is the proceeds of the sale of tenancy by the entireties real estate, those proceeds are likewise held by the debtor and his wife as tenants by the entireties and are therefore exempt under § 522(b)(2)(B), Bankruptcy Code, subject to the trustee's right to administer the funds for the benefit of any joint creditors of the debtor and Jennie J. Zella. *Oliver v. Givens, supra; Sumy v. Schlossberg, supra.*

### B.

■ The remaining issues require only brief discussion. First, the debtor takes the position that, because the funds were held in an account titled in his and his wife's name as tenants by the entirety, they are independently protected by § 522(b)(2)(B), Bankruptcy Code, regardless of the source of the funds. For this proposition, the debtor relies on broad language in *Oliver v. Givens, supra,* suggesting that in Virginia a tenancy by the entireties may be created in personal property. However, in every reported case in Virginia that has recognized a tenancy by the entirety in personal property, the personal property in question has been the direct proceeds of sale of,[5] or the rents received from,[6] tenancy by the entireties real estate. In *Pitts v. United States, supra,* the Supreme Court of Virginia explicitly declined to go beyond its previous holding in *Oliver v. Givens.*[7] Accordingly, absent an authoritative ruling by the Supreme Court of Virginia or action by the Virginia General Assembly, this court is unwilling to conclude that a tenancy by the entirety may be created in

Virginia in personal property other than the proceeds of tenancy by the entirety real estate.

### C.

■ The remaining issue concerns the debtor's claimed exemption of the sales proceeds under § 34–4, Code of Va. The cited statute, one of several exemption statutes available to individual debtors in Virginia, is commonly known as the "homestead" exemption. Essentially, a "householder"—defined as any resident of Virginia—may hold exempt from creditor process up to $5,000 worth of real or personal property. §§ 34–1, 34–4, and 34–13, Code of Va. The exemption is increased by $500 for each dependent under 19 years of age. § 34–4, Code of Va. Also, a disabled veteran may claim an additional $2,000 exemption. §§ 34–41, Code of Virginia. In order to perfect the exemption, an instrument known as a "homestead deed" must be recorded, in the case of real estate, in the city or county where the property lies, or, in the case of personal property, in the city or county where the debtor resides. §§ 34–6 and 34–14, Code of Va.

■ In the present case, the debtor recorded a homestead deed claiming his interest in the funds exempt in the amount of $1.00. As noted in *Addison v. Reavis,* 158 B.R. 53 (E.D.Va.1993), this is consistent with a long-standing Virginia practice of listing only a nominal (typically $1 or $10) value for assets claimed exempt on a homestead deed, and of amending the exemption upwards "if and when the bankruptcy court determines that a higher value is more appropriate." 158 B.R. at 56. Accordingly, the debtor retains the right to amend upward—to the extent of the unused amount of his homestead exemption—the value of the property claimed exempt. *In re Sherman,* 191 B.R. 654 (Bankr.E.D.Va.1995) (allowing debtors, after case was reopened for trustee to administer stock, to amend value upward from $100

---

**5.** *Oliver v. Givens, supra; Pitts v. United States, supra.*

**6.** *Moore v. Glotzbach,* 188 F.Supp. 267 (E.D.Va. 1960).

**7.** "We are aware that, in several jurisdictions which recognize that personalty can be owned as

a tenancy by the entirety, *the rule that we applied to the proceeds of voluntary sales of realty owned by the entireties in Oliver has been extended to the proceeds of other kinds of disposal or conversion of real estate.... We confine the reach of our decision to our answer to the question as certified."* 242 Va. at 262, 408 S.E.2d at 905 (emphasis added).

to $6,901.70, the full remaining amount of their combined $10,000 homestead exemption).

In the present case, it appears that the debtor has claimed exempt on his homestead deed, in addition to the $1 exemption for the sales proceeds, $4,226 in other assets. Accordingly, the unused amount of the debtor's $5,000 homestead exemption would be $774. Debtor's counsel suggested in argument that the debtor might have the right to amend the value of other assets downward in order to allow a larger value for the sales proceeds, up to the maximum of $5,000. Unless and until the debtor attempts to do so, however, the court need not reach the issue of whether such downward adjustment of other listed exempt assets is permissible.[8] It is clear, in any event, that on the present state of the record, the debtor is entitled to only a $1 exemption under § 34–4. *Addison v. Reavis, supra.* This ruling is without prejudice to the debtor's right to amend the exemption claim upward to the extent of the unused homestead exemption, but in no event more than $5,000.

### Conclusion

For the foregoing reasons, as well as those stated orally on the record at the hearing, the trustee's objection was sustained to the extent that the debtor's claim of exemption was based on § 34–4, Code of Va., and the exemption was allowed in the amount only of $1.00, subject to the debtor's right to amend upward to the full amount of the unused homestead exemption. The trustee's objection was overruled, however, to the extent that the exemption was claimed under § 522(b)(2)(B), Bankruptcy Code, and debtor's exemption of the sales proceeds was allowed, subject to the trustee's right to administer the funds for the benefit of any joint creditors.

An order has been previously entered.

---

8. *See, In re Emerson,* 129 B.R. 82 (Bankr. W.D.Va.1991), *aff'd* 962 F.2d 6 (4th Cir.1992) (homestead deed cannot be amended to decrease value of listed property to add other property not previously listed, where the property was owned by the debtor at the time the original homestead deed was filed).