In re Elmer Michael ZELLA, Debtor.

Donald F. KING, Trustee, Appellant,

v.

Elmer Michael ZELLA, Appellee.

Civil Action No. 1:96–900–A.
Bankruptcy No. 95–15474–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 25, 1996.

James Walter Reynolds, Odin, Keldman & Pittleman, Fairfax, VA, for Plaintiff.

Dominique V. Sinesi, Bruce W. Henry, P.C., Fairfax, VA, for Defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the trustee's appeal of the determination by the Bankruptcy Judge that certain property owned by the debtor and his wife was held in tenancy by the entirety. Whether that determination was proper is the sole issue before this Court. For the reasons stated in the Bankruptcy Court's opinion and further explained below, that decision is AFFIRMED.

The relevant facts have been stipulated and are adequately summarized in the opinion of the Bankruptcy Court. The determinative issue on this appeal is whether under Virginia law, when the grantees are husband and wife, the language in a deed "as joint tenants with the full common law right of survivorship" indeed creates a joint tenancy, or whether it instead creates a tenancy by the entirety. As the Bankruptcy Court properly noted, the seminal case in Virginia on this issue is *Allen v. Parkey*, 154 Va. 739, 149

S.E. 615 (1929), and a case even more on point is *Burroughs v. Gorman*, 166 Va. 58, 184 S.E. 174 (1936). The Bankruptcy Court properly found these two cases to be dispositive, and the purpose of this written opinion is (1) to further elucidate the holdings in *Allen* and in *Parkey*, and (2) to address a contrary Virginia Circuit Court opinion that apparently was not considered by the Bankruptcy Court but which does not carry sufficient weight to alter this Court's decision.

### I.

In *Allen*, supra, the deed to W.P. Allen and Mary Ely Allen, husband and wife, stated that they were "[t]o have and to hold the said tract or parcel of land together with all the appurtenances thereunto belonging unto the said W.P. Allen and Mary Ely Allen, their heirs and assigns, forever." It went on to provide, "[n]ow should the said W.P. Allen survive his wife, Mary Ely Allen, the said tract of land to be his property to dispose of as he sees proper and the same applies to the said Mary Ely Allen, his wife." 154 Va. at 742–43, 149 S.E. at 617. The Supreme Court of Appeals of Virginia, now the Supreme Court of Virginia, found this language to create a tenancy by the entirety.

In *Burroughs*, the deed was to James Gorman and Mary A. Gorman, husband and wife, "as joint tenants with the common-law right of survivorship." 166 Va. at 59, 184 S.E. at 174. This is almost exactly the language used in the deed to the debtor and his wife in the instant case. The Court in *Burroughs*, summarily citing *Allen*, found that this language, too, created a tenancy by the entirety.

The appellant argues that *Allen* is distinguishable on its facts because there the Court was confronted with a deed that was ambiguous in that it specified neither a joint tenancy nor a tenancy by the entirety. The appellant would have the Court believe that the *Allen* Court's decision that the deed created a tenancy by the entirety was that Court's best effort at resolving that ambiguity, but that where the deed unambiguously specifies "joint tenancy," as is urged here, there is nothing to resolve and a joint tenancy is indeed created. Appellant then argues that *Burroughs* merits little attention be-

cause "the basis for [the Court's] finding cannot be readily discerned."

■ The fact is that the Court in *Allen* did not address any supposed ambiguities in the language of the deed, and because its holding did not depend on any such ambiguities, the Court in *Burroughs* did not need to do anything more than summarily cite *Allen.* What *Allen* makes clear is that in Virginia, a conveyance to a husband and wife together coupled with the intent that there be survivorship rights always creates a tenancy by the entirety. The Court made this clear in the following passage:

> The conveyance is after marriage to a man and wife jointly. The seisin is *per tout et non per mie*, and there is survivorship upon the death either of husband or wife and neither can dispose of any part of the estate without the consent of the other. *Hunt v. Blackburn*, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 [1888]; Graves Notes on Real Property, section 161. Since there is no separate interest in either tenant, there can be no partition. Tiffany on Real Property, section 194.

154 Va. at 744, 149 S.E. 615. The tenor of the passage and of the rest of the opinion is that where "the conveyance is after marriage to a man and wife jointly," the only estate it can possibly be is a tenancy by the entirety. The citation to *Hunt v. Blackburn* further supports this interpretation of *Allen,* for in *Hunt,* the United States Supreme Court articulated the common law as follows: "Undoubtedly, at common law, husband and wife did not take, under a conveyance of land to them jointly, as tenants in common *or as joint tenants,* but each became seized of the entirety ..." (emphasis added). 128 U.S. at 469, 9 S.Ct. at 126–27, 32 L.Ed. at 490. See also *Virginia Extends Entireties Doctrine,* 20 Wash. & Lee L.Rev. 260 (1963).

Since the Court in *Allen* ruled that a husband and wife taking jointly always take as tenants by the entirety, there was nothing left for the Court to decide in *Burroughs,* even on language identical to that in the instant case. It was thus entirely appropriate for the Court in *Burroughs* to summarily cite *Allen.*

## II.

■ The Bankruptcy Court properly distinguished every case cited by the appellant to this Court with the exception of *Royal Insurance Co. v. James Kelley, et al.,* 8 Va.Cir. 410 (1987). It is unclear whether this case was ever even presented to the Bankruptcy Court. In *Royal Insurance,* a case before the Circuit Court of Fairfax County, the deed at issue expressly used the term "joint tenants" in referring to the grantee husband and wife, who were also vested with survivorship rights. Employing essentially the same factual distinctions and arguments as the appellant urges here regarding *Allen* and *Burroughs,* the Circuit Court held that the deed did create a joint tenancy with right of survivorship.

■ Particularly where there are state Supreme Court cases that are directly on point (e.g., *Allen* and *Burroughs* ), a Federal Court is not bound by the decisions of a state's lower courts in determining the content of state law. See 19 Federal Practice and Procedure § 4507 (Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 1996). The appellant in the instant case was unable to cite other cases or courts following the reasoning of *Royal Insurance.* This isolated case does not persuade this Court that the Virginia Supreme Court would retreat from the principles it announced in *Allen* and *Burroughs.* See *Id.*

For the foregoing reasons, and for the reasons cited by the Bankruptcy Judge, the opinion of the Bankruptcy Court is AFFIRMED.