**In re Anthony DONCHEFF.**

**A. Jan Thomas, Plaintiff,**

v.

**United States of America, Anthony Doncheff, and Beverly Doncheff, Defendants.**

**Bankruptcy No. 98–10083S.
Adversary No. 00–1004.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Jan. 29, 2001.

A. Jan Thomas, West Memphis, AR, Chapter 7 Trustee.

William C. Ayres, for trustee.

Wesley J. Ketz, Jr., Batesville, AR, for debtor.

Paul E. Hopper, Hardy, AR, for Beverly Doncheff.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the United States Motion for Summary Judgment, filed on November 28, 2000, to which all parties have responded. Be-

cause this court lacks jurisdiction to determine the tax liability of the nondebtor Beverly Doncheff, and because there is no dispute as to the existence of the federal tax lien, the United States motion for summary judgment will be granted.

I

The chapter 7 trustee commenced this adversary proceeding requesting that the court determine the nature, extent and priority of liens. The trustee holds funds impressed with a federal tax lien and seeks to distribute the funds first to the United States in payment of the federal tax obligations and one half of the remainder to the nondebtor Beverly Doncheff as her share of the proceeds from the sale of property. Beverly Doncheff objects to this procedure, asserting that she is not liable for the taxes with regard to which the Notice of Federal Tax Lien was filed. In response, the United States asserts that this Court does not have jurisdiction to determine the federal tax liability of the nondebtor.

Although the nondebtor party Beverly Doncheff asserts that there are material issues of fact to be determined, the facts essential to the determination are not in dispute. A joint federal income tax return for the 1996 taxable year was filed with the IRS and an assessment was made on November 17, 1997, against both Beverly and Anthony Doncheff, who were married at the time the return was filed.[1] A Notice of Federal Tax Lien was recorded with the Sharp County Circuit Clerk and Recorder on February 9, 1998, against both Anthony and Beverly Doncheff.

Anthony Doncheff filed a chapter 7 bankruptcy case on March 2, 1998. During the pendency of this case, Anthony and Beverly obtained a divorce. In the context of this chapter 7 case, and with Court approval, the chapter 7 trustee sold three

---

1. Beverly Doncheff asserts that she did not sign the return and is not liable for any taxes due with regard to that year.

parcels of real property, jointly owned by Anthony and Beverly. Upon the sale of the property, some expenses and liens were paid by the trustee with the consent of all parties, and the trustee filed this action in order to obtain direction as to disbursement of the remainder of the funds. With regard to the funds remaining in the trustee's hands, there are no other liens superior in right to the liens of the United States for internal revenue taxes.

## II

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548.

After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson*, 477 U.S. at 250, 106

S.Ct. 2505. Of course, the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence or the credibility of witnesses. *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation*, 805 F.2d 342, 346 (10th Cir.1986).

## III

When the IRS assessed the tax against Beverly and Anthony Doncheff, a lien upon "all property and rights to property" arose in favor of the United States. 26 U.S.C. § 6321. The subsequent recording of the Notice of Federal Tax Lien served to perfect the lien for purposes of state and federal law, including under the Bankruptcy Code. 26 U.S.C. § 6323. Thus, the United States lien attached to the real property jointly held by Anthony and Beverly Doncheff, and continued to attach to the property when Anthony Doncheff filed his chapter 7 petition, rendering the United States claim for taxes secured. When the trustee sold the parcels of real property, the lien continued to attach to the proceeds of the sale pursuant to the Order Approving the Sale free and clear of liens. Section 363(f) operates to preserve the secured creditor's lien interest by permitting sale of the property free and clear of the interest, but permitting the lien to attach to the proceeds of the sale of the collateral. *See generally In re Lady H Coal Co.*, 199 B.R. 595–605 (S.D.W.Va.), *aff'd*, 99 F.3d 573 (4th Cir.1996), *cert. denied*, 520 U.S. 1118, 117 S.Ct. 1251, 137 L.Ed.2d 332 (1997) ("The well established rule that sales within a bankruptcy proceeding occur free and clear of any interest is founded upon the principle that good faith purchasers receive clean title to the property and that any claims against the property attach to the proceeds."); *In re M. Paolella & Sons, Inc.*, 161 B.R. 107, 124 (E.D.Pa. 1993), *aff'd*, 37 F.3d 1487 (3d Cir.1994); Sen. Rep. No. 95–989, 95th Cong., 2d Sess. 56 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5842 ("Sale under this sub-

section is subject to the adequate protection requirement. Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of the sale."). *Cf. In re Nowicki,* 202 B.R. 729, 735 (Bankr.N.D.Ill.1996) (nondebtor spouse entitled to one half proceeds after joint liabilities, mortgage, water bills and county taxes, were deducted); *In re Zella,* 196 B.R. 752 n. 1 (Bankr.E.D.Va.), *aff'd* 202 B.R. 712 (E.D.Va.1996).

■ Thus, upon sale of property, a trustee is obligated to disburse proceeds from the sale of property first to the secured claims on which the debtors are jointly liable. In this instance, the secured claim for federal income taxes is such a secured claim and it must be satisfied first from the proceeds. Thereafter, absent joint, secured interests, Beverly Doncheff is entitled to her respective share of the proceeds. *In re Van Der Heide,* 164 F.3d 1183 (8th Cir.1999).

■ There is no real dispute as to the existence of the federal tax lien. Although Beverly Doncheff asserts that there is a question of fact as to whether there exists a tax lien, she offers no evidence or argument that the lien did not arise or that there is some infirmity in its perfection. Rather, her arguments address the liability for the underlying tax. The legal effect of the existence of the lien and its proper recordation, is that the United States is entitled to payment on its secured claim from the proceeds of the collateral to which its lien attached. Accordingly, the United States is entitled to summary judgment.

## IV

Beverly Doncheff disputes the United States entitlement to payment from the proceeds, asserting that the proceeds should first be divided between herself and the estate, and that the United States may only collect on its claim from the estate's interest in the proceeds. She states the issue as "whether the trustee may transfer Beverly's property to the United States to pay an alleged claim of the United States against the bankruptcy estate of Anthony I. Doncheff." This mischaracterizes the issue and the nature of the proceeding before the Court.

While it is true that the United States has a secured claim against the estate of Anthony Doncheff, the federal tax lien also attaches to property of Beverly Doncheff. Thus, while it is true that the United States could not seize property held solely in the name of Beverly Doncheff to satisfy Anthony Doncheff's liability, the assessment, and thus, the obligation, is against both Beverly Doncheff and Anthony Doncheff. A creditor is entitled to the proceeds of the sale of collateral in which it has a security interest. In the bankruptcy context, the Bankruptcy Code requires that result.

■ Beverly Doncheff essentially argues that she is not liable for the underlying tax which gave rise to the assessment and lien interest. It is well settled, however, that this Court does not have jurisdiction to determine the federal income tax liability of a nondebtor. *Gennari v. United States Department of Treasury (In re Educators Investment Corporation),* 59 B.R. 910, 913 (Bankr.D.Nev.1986); *Holland Industries v. United States (In re Holland Industries),* 103 B.R. 461 (Bankr. S.D.N.Y.1989); *see American Principals Leasing Corp. v. United States,* 904 F.2d 477 (9th Cir.1990); *United States v. McAuley,* 101 B.R. 306 (M.D.Fla.1989); *Williams v. United States (In re Williams),* 190 B.R. 225, 229 (Bankr. W.D.Pa.1995). Thus, the Court cannot determine whether she is correct in her assertion that she is not liable for the tax.

Beverly Doncheff also argues that section 363 mandates that she be paid her share of the proceeds before any other interest. Section 363 provides:

(j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the

debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, *according to the interests* of such spouse or co-owners, and of the estate. 11 U.S.C. § 363(j) (emphasis added). It is true that she is entitled to disbursement of her interest in the proceeds of the sale. However, she misconstrues the nature and priority of her interest in the proceeds. As discussed above, upon assessment of the tax against her, a lien interest arose which attached to all property and rights to property held by her. That interest was properly perfected by the filing of a Notice of Federal Tax Lien. Thus, the United States has an "interest" that is superior in right to that of Beverly Doncheff. That interest, in the form of a federal tax lien, attached to the proceeds of the sale of the property, entitles the United States to be paid from those proceeds.

## V

■ The Court need not determine, as urged by Beverly Doncheff, whether she in fact owes the debt to the United States. (Indeed, as discussed above, this Court does not have jurisdiction to make that determination.) More importantly, for Beverly Doncheff's purposes, the determination by this Court that the United States is entitled to distribution on its secured claim, based upon its Notice of Federal Tax Lien, does not foreclose Beverly Doncheff from litigating the merits of the underlying assessment in the appropriate forum. This Court merely decides that the United States is entitled to distribution from the proceeds of collateral in which it has a security interest.

Beverly Doncheff believes this proceeding to be unfair to her. However, she misapprehends the nature of the proceeding and the manner in which tax liability is litigated. As a general rule, a taxpayer may either contest liability before the tax court or pay the tax and file a suit in the United States District Court. Only in very limited circumstances are substantive issues of tax liability brought before the bankruptcy court. Once the taxes have been paid, Beverly Doncheff may have the right to file a claim for refund and proceed in the United States District Court for a determination that she does not owe the taxes, raising the appropriate issues in that proceeding. The substantive issues of Beverly Doncheff's tax liability or the remedies available to her may not be determined by this Court.

It is uncontroverted that the United States filed a Notice of Federal Tax lien which attached to the property of the debtor, Anthony Doncheff, and the nondebtor, Beverly Doncheff. As a secured creditor, it is entitled to distribution from the proceeds of the sale to which its lien attached. Accordingly, it is

**ORDERED** that the United States Motion for Summary Judgment, filed on November 28, 2000, is Granted. A separate judgment shall be entered.

**IT IS SO ORDERED.**