148

# CIRCUIT COURT OF THE CITY OF ROANOKE

Joseph Kerr

v.

Harold Dill
and American Funds

October 11, 2006

Case No. CH05000816-00

BY JUDGE CHARLES N. DORSEY

Harold Dill, a judgment creditor of Joseph Kerr, attempts to reach Joseph and Pamela Kerr's American Funds account. The question is whether this account is held by the Kerrs as tenants by the entirety or as joint tenants with the right of survivorship.

In February of 1993, the Kerrs wrote a check for $100,000 from their joint banking account to purchase the account with American Funds. American Funds sent the plaintiffs $500.00 a month from the earnings on the fund, and the fund has now grown to approximately $200,000.

Dill obtained a judgment against Joseph Kerr as well as Kerr's insurance business, Kerr and Associates, in December of 2002. The judgment was in the amount of $141,647.00 with interest at 9% *per annum* from November 17, 1999, until paid in full. Dill filed an Amended Notice of Lien of Fieri Facias on co-defendant American Funds. As a result, American Funds has placed a hold on the Kerrs' account.

Whether the account is held as a tenancy by the entirety or as a joint tenancy with the right of survivorship is crucial in deciding whether Dill can collect from the American Funds account held by the Kerrs. In Virginia, a

joint tenancy is subject to partition by a judgment creditor of any joint tenant. *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984). However, only creditors with joint debts of both spouses may reach property held by spouses as tenants by the entirety. *Vasilion v. Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951). If the account is held by the Kerrs as tenants by the entirety, Dill's lien does not attach to it, but if the Kerrs hold the account as joint tenants, Dill will be able to reach 50% of the funds in the account. Therefore, in order for the account to be subject to Dill's lien, the Kerrs must hold the account as joint tenants with right of survivorship.

For the following reasons, the account is held by the Kerrs as tenants by the entirety and Dill's lien does not attach.

## Analysis

### The Kerrs Hold Their American Funds Account as Tenants by the Entirety

A tenancy by the entirety may be created in personal property. The Virginia General Assembly enacted Va. Code § 55-20.2 in 2001 to allow personal property to be held by tenants by the entirety. Virginia Code § 55-20.2. This section was effective as of July 1, 2001. Virginia Code § 1-214. However, case law from 1961 recognized that personal property may be held by a husband and wife as tenants by the entirety. *See Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1961).

The effect of §§ 55-20 and 55-21 of the Virginia Code is "to abolish tenancies by the entirety (and joint tenancies) unless it is 'manifest' from the wording of the conveyance that the grantor intends to establish a tenancy by the entirety." *Wolfe v. Sprouse*, 183 B.R. 739, 741 (W.D. Va. 1995), *aff'd*, 91 F.3d 133 (4th Cir. 1996). A strict interpretation of these sections require a deed conveying real property to a husband and wife specify an intent for a tenancy by the entirety or a tenancy in common will result. *In re Manicure*, 29 B.R. 248, 250 (W.D. Va. 1983). It is logical to infer that the same intent must be demonstrated as to personal property.

*Wolfe v. Sprouse* illustrates the intent of §§ 55-20 and 55-21 of the Code that a husband and wife must specify their desire to own property as tenants by the entirety. In *Wolfe*, the husband and wife held two promissory notes. The first note was made payable to "Austin B. Sprouse and Mary R. Sprouse, or the survivor of them" while the other was made payable to "Austin B. Sprouse and Mary R. Sprouse, or the survivor." Sprouse filed for bankruptcy and claimed the promissory notes were exempt because they

created a tenancy by the entirety. Judge Michael of the Western District of Virginia disagreed with Sprouse stating, "[t]he court cannot concede that an intent to convey tenancies by the entirety is manifest from the language of the notes given that the notes lack even the hint of a marital relationship." *Wolfe*, 274 B.R. at 742. This decision by the federal court was affirmed by the Fourth Circuit Court of Appeals in an unpublished decision, available online at 1996 U.S. App. LEXIS 15598.

*In re Potter* also addresses this same issue. The Potters, a married couple, purchased shares of Dominion and Evergreen stock. The Dominion stock's purchase plan statement referred to the Potters as "David L. Potter and Carol J. Potter Jt. Ten." The enrollment instructions for the purchase plan also expressly stated that "Accounts set up in more than one name will be registered `Joint Tenants with Right of Survivorship'." *In re Potter*, 274 B.R. at 227. They set up their Evergreen shares in the names of "David L. Potter and Carol J. Potter Jt. Ten." as well. The court, after reviewing Virginia's laws on tenancies by the entirety, held that the Potters owned the stocks as joint tenants with right of survivorship and stated:

> But what is the result where the designation "tenancy by the entirety" is not used, and parties who are married simply take title as joint tenants with rights of survivorship without being *described* as husband and wife? It seems clear that, in such a case, a tenancy by the entirety does *not* result. *Sprouse*, 183 B.R. at 741-742. ... In summary, in order to create a tenancy by the entireties, the document by which the debtor and the debtor's spouse acquire or hold joint title must either (1) designate them as tenants by the entirety, or (2) designate them as husband and wife, joint tenants with right of survivorship. Since the Evergreen and Dominion shares are titled simply in two names as joint tenants with right of survivorship, but without any indication of a martial relationship, they are not held as tenants by the entirety but merely as joint tenants.

*Id*. at 229-30.

Another federal case suggests the need for a description of the marital relationship as well. The court in *In re Zella* described the five unities needed for a tenancy by the entirety and contrasted an instance where a deed to the debtor and his wife described them as husband and wife from the situation in *Wolfe v. Sprouse*, noting that the description of husband and wife, "thereby

establish[es] the `fifth unity' needed to create a tenancy by the entirety." *In re Zella*, 196 B.R. 752, 756 (E.D. Va. 1996), *aff'd*, 202 B.R. 712 (4th Cir. 1996). The *Zella* court also noted that:

> [t]he use in the deed of the term "joint tenants" coupled with the explicit reference that the grant was "with the full common law right of survivorship" adequately provided four of the five unities ... and the reference in the instrument to Jennie J. Zella as the wife of Elmer M. Zella adequately supplied the fifth unity (marriage), necessary to the creation of a tenancy by the entirety.

*Id.* at 756-57.

In his motion for declaratory judgment, Kerr asserts the well-known proposition that tenancies by the entirety are based upon five unities: title, estate, time, possession, and persons. He cites *Thornton v. Thornton*, 24 Va. (3 Rand.) 179 (1825), as affirming the common law that all conveyances to husband and wife were automatically tenancies by the entirety. He looks to *Allen v. Parkey*, 154 Va. 739 (1929), for support. The court in *Allen* determined a tenancy by the entirety existed even though the language of "tenancy by the entirety" was never used in the deed conveying the property. The court held that a tenancy by the entirety is allowed when it is manifest from the instrument creating the estate that it was intended that "the part of the one dying should then belong to the other." *Id.* at 746. The Allens did not make any reference to being husband or wife in the granting clause, but the deed did mention the marital relationship towards the end of the deed when stating the survivorship intent. Nevertheless, the court held this was enough to create a tenancy by the entirety. *Wolfe v. Sprouse* discussed the *Allen* case and distinguished it by noting that, in *Allen*, there was an intent to create a tenancy by the entirety found on the face of the deed, whereas, in *Wolfe*, there was no language that would alert the reader to the martial relationship of the owners of the promissory notes.

Plaintiff also relies on *In re Sampath*, 314 B.R. 73 (E.D. Va. 2004), in his motion for declaratory judgment. The *Sampath* opinion centers heavily on the common law principle that property owned by husband and wife with right of survivorship was deemed to be held as a tenancy by the entirety. *Id.* at 81. *Sampath* also relies on the *Allen* decision, discussed above. *Sampath* held that a parties' marriage was sufficient to create a tenancy by the entirety without any reference to the marriage made in the document purporting to give title. It stated that this is the law in Virginia and has been for years. The language in *Sampath* by the United States District Court for the Eastern District of

Virginia contradicts the language of the Western District Court of Virginia in *Wolfe v. Sprouse*. The decision of *Wolfe* has been affirmed by the Fourth Circuit Court of Appeals, but this occurred in an unpublished opinion. Unpublished opinions are not binding in the Fourth Circuit. *See* Fourth Circuit Local Rule 36(c). However, this contradiction does not affect the decision here because the Kerrs own the mutual funds as tenancy by the entirety under the analysis of both federal decisions.

On February 11, 1993, the Kerrs completed two forms, one being an Equico Securities Client Record Form and Customer Agreement and the other, an American Funds Account Application. The Kerrs checked the box titled "Joint Tenants WROS" on their account application for Equico Securities. No box existed for tenants by the entirety. "Joseph C. Kerr" was filled in as account name with "Pamela K. Kerr — wife" as joint tenant. On the American Funds account registration which was completed on the same day, "Joseph C. Kerr" was listed as name of shareholder with "Pamela K. Kerr" as co-shareholder. No mention of her status as his wife was given. Both forms were mailed to the Equitable Agency in Roanoke, Virginia. A second application was mailed on March 22, 1993, along with a letter to American Funds in which Joseph Kerr notes that the other shareholder, Pamela Kerr, is his wife.

For the Kerrs to hold the mutual fund as tenants by the entirety, they must prove that the documents are enough to designate the Kerrs as husband and wife. *In re Potter*, 274 B.R at 229-30. Applying these facts to the case law discussed above and looking only at the documents used in managing and setting up this mutual fund, i.e. Account Application dated 3/22/93; Account Options document; Sales charge exemption form; 3/22/93 letter to American Funds; Account Application dated 2/11/93; and Equico Securities Client Record Form and Customer Agreement dated 2/11/93, there is enough information to manifest a clear intention that the funds be held by the Kerrs as tenants by the entirety. The notation of Pamela Kerr on the Equico Client record form as wife, along with the letter dated March 22, 1993, which refers to Pamela as Joseph's wife, and the marking on the application that the account was JROS is sufficient to designate the Kerrs as husband and wife with rights of survivorship, which is what must be designated in order for them to hold the property as tenants by the entirety.

The Kerrs satisfy the requirement of a designation of the marital relationship on the document(s) giving title set forth in *Wolfe*, *Allen*, and *In re Potter*. The fifth unity of marriage, as discussed by *In re Zella*, is also present because of the designation of wife beside Pamela Kerr's name, much like the designation, "his wife" next to Jennie J. Zella's name on the land deed in *In re Zella*. Examining the situation under *In re Sampath*, the Kerrs would also be

tenants by the entirety because the fact of actual marriage is enough for spouses to hold property as tenants by the entirety, so long as it is owned jointly with survivorship, regardless of whether the marital relationship is set forth in the document giving title.

### The Notice of Lien Imposes a Judgment Lien
### on the American Funds Account

Kerr asserts that a judgment lien against personal property held by joint tenants with right of survivorship is not subject to a judgment against only one co-tenant. Virginia allows partition by a judgment lien creditor of a joint tenant of real property[1] and no case law exists in Virginia that expressly forbids partition of personal property held by joint tenants. However, because the mutual fund is held by the Kerrs as tenants by the entirety, this question does not have to be addressed.

---

[1] Jones v. Conwell, 227 Va. 176, 314 S.E.2d 61 (1984).